IN RE STICHTENOTH.

[Cite as In re Stichtenoth (1980), 67 Ohio App. 2d 108.]

(No. C-790209—Decided February 6, 1980.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, and *Mr. Daniel J. Breyer,* for appellee.

*Clark, Hellebush, Cunningham & Kepley Co., L.P.A.,* and *Mr. Stephen T. MacConnell,* for appellant.

*Per Curiam.* On January 13, 1979, a person was stabbed in the parking lot of a skating rink. Appellant was present at the scene, along with a crowd of others. After the stabbing, he went to the victim, who was lying on the ground, to ascertain if the victim was still alive. He then ran into the building at the skating rink and asked the woman at the front desk to call and report the incident. He was the first one to speak to this woman about the stabbing. He proceeded on into the building and also asked someone else to make a call. Shortly after he returned to the parking lot, the police arrived and began their investigations. In response to police questioning, appellant stated that he had no knowledge of what had happened. Later that evening, several anonymous phone calls were received at the Hamilton County Communications Center concerning the stabbing. Appellant claimed he made those calls. Two people were arrested at 9:00 a.m. the next morning and charged as the perpetrators of the stabbing. Appellant was charged with being a delinquent child as provided in R. C. 2151.02 for failure to report a crime, a violation of R. C. 2921.22(A). He was adjudicated delinquent. He timely filed his notice of appeal from this conviction.

We shall first discuss appellant's third assignment of error. In this assignment appellant alleges that the finding of delinquency was against the manifest weight of the evidence and contrary to law. At issue here is the proper interpretation of the statute under which he was charged, R. C. 2921.22(A). This statute provides as follows:

"No person, knowing that a felony has been or is being committed, shall knowingly fail to report such information to law enforcement authorities."

The subsection requires a person with knowledge of the commission of a felony to "report" that fact to the police. The state, the appellee, contends that a person has failed to "report" the commission of a felony to the police if he refuses to answer law enforcement questions concerning the offense. We cannot agree with this interpretation. R. C. 2901.04(A) provides that statutes defining offenses are to be strictly construed against the state. Giving "report" its ordinary meaning, we conclude that it includes both notifying law enforcement officials and setting in motion events which will result in notification to these officials. The statute does not proscribe a

refusal to answer police questions once the police are aware of the crime.

In this case it is uncontradicted that appellant requested two people to notify the authorities immediately after the stabbing. Reporting a felony to responsible people at a large public place constitutes setting in motion events which will result in notification of law enforcement officials.

Furthermore, it cannot have been the intent of the legislature to require a vain act, namely, to require a report of something law enforcement officials already patently knew. Once the police arrived at the scene and were clearly aware that a felony had been committed, there was no further need to report that fact. The assignment of error is meritorious.

Having determined that the judgment was against the manifest weight of the evidence, we need not concern ourselves with appellant's first and second assignments of error raising the issues of the constitutionality of the statute and whether unsworn oral misstatements to law enforcement officials can constitute a crime.*

Accordingly, the judgment of the Court of Common Pleas of Hamilton County, Juvenile Division, must be reversed and appellant discharged.

*Judgment accordingly.*

KEEFE, P. J., PALMER and BETTMAN, JJ., concur.

---

* We note, however, that there is authority indicating that an unsworn oral misstatement to the police is not punishable conduct. *Columbus* v. *Fisher* (1978), 53 Ohio St. 2d 25; *Dayton* v. *Rogers* (1979), 60 Ohio St. 2d 162; *State* v. *Murrell* (Hamilton Co. Ct. of Appeals No. C-77032, August 9, 1978), unreported; *State* v. *Stephens* (1978), 57 Ohio App. 2d 229; *State* v. *Claybrook* (1978), 57 Ohio App. 2d 131. See, also, *Brown* v. *Texas* (1979), 443 U.S. 47.