THE STATE OF OHIO, APPELLEE, *v.*
WARDLOW, APPELLANT.

(Nos. C-840516 and -840517—Decided
March 20, 1985.)

*Richard A. Castellini,* city solicitor,
*Paul J. Gorman* and *Stephen J. Fagel,*
for appellee.

*Kenneth J. Koenig* and *Hamilton
County Public Defender's Office,* for appellant.

*Per Curiam.* This cause came on to
be heard upon the consolidated appeal
from the Municipal Court of Hamilton
County.

This timely consolidated appeal
follows appellant's bench trial convictions of child endangering, a violation of
R.C. 2919.22, and failure to report a

crime, a violation of R.C. 2921.22(A). Appellant was sentenced as appears of record.

The record reveals that appellant's thirteen-year-old daughter was the victim of a rape on January 22 or January 23, 1984 and of an attempted rape or sexual imposition on January 28, 1984. Both incidents were perpetrated by the appellant's live-in paramour, Joe Watson. After learning of the offenses on January 28, 1984, appellant instructed her daughter not to "go upstairs" when appellant was not in the house and Watson was present. Appellant reported to her mother, Carol Bennett, that the child had been "molested" by Watson. Appellant explained that she had talked to him and her daughter, and that these steps would prevent any further activity. On April 21, 1984, appellant was told by her daughter, who was then fourteen years old, that Watson had attempted to rape her on two occasions in March 1984. Further, appellant's daughter told appellant that she had in fact been raped by Watson on April 21, 1984. Appellant informed her mother of the recent offenses on April 21, 1984. Appellant's mother indicated they would talk it over and decide on a course of action the next day, April 22, 1984, following Easter church services. Appellant failed to attend church services on April 22, 1984, and her mother telephoned appellant, informing her that she was going to report the matter to the police. Appellant protested, but her mother did in fact call the police.

Appellant's first four assignments of error, which are set forth below, pertain to the conviction of failure to report a crime on April 21, 1984, in violation of R.C. 2921.22:

1

"The judgment of conviction by the trial court is contrary to law since there was insufficient evidence presented to establish beyond a reasonable doubt each and every element of the offense of failure to report a crime."

2

"The judgment of conviction of the offense of failure to report a crime is against the manifest weight of the evidence."

3

"R.C. 2921.22 is unconstitutional in that it is void for vagueness and thus violative of Article I, Section 16 of the Ohio Constitution and of the Fourteenth Amendment to the United States Constitution."

4

"R.C. 2921.22 is unconstitutional as applied in this case, and on its face, in that it purports to require any person to report knowledge of a felony which is being or has been committed, which is violative of Article I, Section 10 of the Ohio Constitution and of the Fifth Amendment to the United States Constitution."

R.C. 2921.22 provides in pertinent part:

"(A) No person, knowing that a felony has been or is being committed, shall knowingly fail to report such information to law enforcement authorities.

"* * *

"(E) Division (A) or (D) of this section does not require disclosure of information, when any of the following applies:

"* * *

"(2) The information would tend to incriminate a member of the actor's immediate family."

The first and second assignments of error are without merit as a review of the record discloses that after viewing the probative evidence and inferences reasonably drawn therefrom in the light most favorable to the prosecution, the trier of fact could have found that all the essential elements of the offense had been proven beyond a reasonable

doubt.[1] *State* v. *Eley* (1978), 56 Ohio St. 2d 169 [10 O.O.3d 340]. Further, we find that the jury did not clearly lose its way and create a manifest miscarriage of justice requiring reversal. *State* v. *Robinson* (1955), 162 Ohio St. 486 [55 O.O. 388]; *State* v. *Petro* (1947), 148 Ohio St. 473 [36 O.O. 152]. Appellant's first and second assignments of error are overruled.

We overrule appellant's third assignment of error alleging that R.C. 2921.22 is unconstitutionally void for vagueness. The essence of the offense is knowingly failing to report a serious crime. R.C. 2901.22(B) provides:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

We hold that R.C. 2921.22 gives a person of ordinary intelligence fair notice that the conduct of failing to report a serious crime about which a person has knowledge is forbidden by statute.

Appellant's fourth assignment of error alleging the unconstitutionality of R.C. 2921.22 as applied in this case has merit. The Fifth Amendment of the Constitution of the United States and Article I, Section 10 of the Constitution of the state of Ohio provide that a person may not be compelled to be a witness against herself or give information which would tend to incriminate herself. It is obvious, by virtue of her prosecution for the offense of child endangering under R.C. 2919.22, that appellant's reporting of the April 21, 1984 rape of her daughter by Watson would have led

to her own prosecution. Additionally, we perceive that such disclosure by appellant would have led to appellant's prosecution for welfare fraud in that Watson had been a permanent resident of the household for over two years. Thus, appellant's privilege against self-incrimination was unconstitutionally infringed under the facts of the case *sub judice*. See *In re Groban* (1957), 352 U.S. 330 [3 O.O.2d 127]. Appellant's fourth assignment of error is well-taken.

Appellant's fifth and sixth assignments of error, as set forth below, relate to her conviction of child endangering in violation of R.C. 2919.22:

5

"The judgment of conviction of endangering children, in violation of R.C. 2919.22, is contrary to law since there was insufficient evidence presented to establish beyond a reasonable doubt each and every element of the offense."

6

"The judgment of conviction of endangering children, in violation of R.C. 2919.22, is against the manifest weight of the evidence."

The elements of R.C. 2919.22 require for conviction that a parent of a child under eighteen years of age create a substantial risk to the safety of such child by violating a duty of care, protection, or support. The record discloses that as of January 28, 1984 appellant knew of the offenses perpetrated by Watson against her thirteen-year-old daughter. Appellant thereafter had the duty of protecting her child from any subsequent reoccurrence of such offenses. The trier of fact was more than justified in concluding that appellant

---

[1] We distinguish the matter *sub judice* from *In re Stichtenoth* (1980), 67 Ohio App. 2d 108 [21 O.O.3d 420], for the reason that the appellant in the instant case did not set in motion through an intermediary, the actual

reporting of the crime within a reasonable possible time under the existing circumstances in relationship to the time she knew of the offense.

created a substantial risk to the safety of her child by failing to remove either Watson or the child from the residence. Appellant's argument that she told her daughter not to go upstairs with the alcoholic paramour when appellant was not in the house and that she counselled with her own mother regarding the problem does not, under the circumstances of the matter *sub judice,* rise to the duty of care imposed upon appellant by R.C. 2919.22. Appellant's fifth and sixth assignments of error are overruled.

Appellant's seventh and final assignment of error asserts that the trial court violated R.C. 2929.22 in that the trial court did not consider the factors required by the statute prior to imposition of consecutive maximum sentences of imprisonment. The record of the sentencing proceedings reveals that the court did not have the benefit of a presentence investigation report. The court did hear representations from defense counsel, concurred in by the prosecutor, as to appellant's age, motherhood, unemployment and receipt of aid to dependent children, and the absence of a prior criminal record. There is no statement by the trial court as to his consideration of the required factors enunciated in R.C. 2929.22. Further, the record contains no statement by the trial court as to his reasoning for the sentences imposed and no indication of even a minimal consideration of the required factors under R.C. 2929.22. The only reference regarding appellant's sentence was made by the trial court prior to its imposition of sentence, at which point the court said, "Well, Ms. Wardlow, I don't know what to say to you." This very truncated sentencing procedure does not reasonably meet the spirit of the requirements of R.C. 2929.22. Cf. *Cincinnati* v. *Clardy* (1978), 57 Ohio App. 2d 153 [11 O.O.3d 137]. Appellant's seventh assignment of error is meritorious.

This cause is reversed and appellant is discharged as to the offense of failure to report a crime in violation of R.C. 2921.22. Appellant's conviction of child endangering in violation of 2919.22 is affirmed; however, the cause is remanded to the Hamilton County Municipal Court for resentencing only on the child endangering conviction, in accordance with law and with this decision.

*Judgment accordingly.*

KEEFE, P.J., DOAN and HILDE-BRANDT, JJ., concur.