STATE of Wisconsin, Plaintiff-Respondent,

v.

Karie LAPLANTE, Defendant-Appellant.†

Court of Appeals

No. 93–1672–CR. *Submitted on briefs March 1, 1994.—Decided July 19, 1994.*

(Also reported in 521 N.W.2d 448.)

†Petition to review denied.

428

For the defendant-appellant the cause was submitted on the briefs of *Jill S. Gilbert* of Milwaukee.

For the plaintiff-respondent the cause was submitted on the brief of *James E. Doyle*, attorney general, by *Jerome S. Schmidt*, assistant attorney general of Madison.

Before Wedemeyer, P.J., Sullivan and Schudson, JJ.

WEDEMEYER, P.J. Karie LaPlante appeals from a judgment, entered following a jury trial, adjudging her guilty of violating § 940.34, STATS., "the failure to aid" statute.

LaPlante raises two issues of error for our review: (1) whether § 940.34, STATS., is unconstitutionally vague; and (2) whether § 940.34, as applied under the facts of this case, violates her right against self-incrimination. Because § 940.34 is not unconstitutionally vague, and because its application here does not violate LaPlante's right against self-incrimination, we affirm.

## I. BACKGROUND

On January 14, 1992, a party was held at LaPlante's home. Monica Hendy, the victim, and her friend Amy Luden, both attended the party. During the course of the party, one of the males in attendance made sexual advances toward Hendy. She resisted his advances and, in a scuffle that followed, was pushed outside of the home by another "party-goer," Tracy Moore. Earlier in the evening, Moore had told LaPlante that she was going to physically assault Hendy.

While Hendy was outside, seven other people who were attending the party brutally beat her. LaPlante was outside the home when the beating occurred and witnessed the event. There is no dispute that LaPlante never attempted to aid Hendy nor did she summon

430

other assistance on behalf of Hendy. After the beating, Hendy was helped to a neighboring home by Luden. Luden subsequently called medical assistance as well as law enforcement personnel.

The State charged and obtained a conviction against LaPlante for violating § 940.34(2)(a), STATS. By appropriate motions, both before and after trial, LaPlante challenged both the constitutionality of the statute and its application to her case. Neither challenge was successful. She now appeals.

## II. DISCUSSION

*A. Vagueness*

LaPlante first contends that § 940.34(2)(a), STATS., is unconstitutionally vague. Section 940.34(2)(a) states:

> **(2)** (a) Any person who knows that a crime is being committed and that a victim is exposed to bodily harm shall summon law enforcement officers or other assistance or shall provide assistance to the victim.

When examining a challenge to the constitutionality of a statute, this court engages in a *de novo* review. *State v. Bertrand*, 162 Wis. 2d 411, 415, 469 N.W.2d 873, 875 (Ct. App. 1991). When a statute is challenged specifically on grounds of vagueness:

> We must indulge every presumption to sustain the constitutionality of a statute. One who challenges the validity of a statute has the burden of showing beyond a reasonable doubt that the statute is unconstitutional. Before a court can invalidate a criminal statute because of vagueness, it must con-

clude that, because of some ambiguity or uncertainty in the gross outlines of the conduct prohibited by the statute, persons of ordinary intelligence do not have fair notice of the prohibition and those who enforce the laws and adjudicate guilt lack objective standards and may operate arbitrarily.

*State v. Wickstrom*, 118 Wis. 2d 339, 351-52, 348 N.W.2d 183, 190 (Ct. App. 1984) (citations omitted).

In *State v. Pittman*, 174 Wis. 2d 255, 276, 496 N.W.2d 74, 83 (citations omitted), *cert. denied*, 114 S. Ct. 137 (1993) the supreme court succinctly explained the vagueness test:

> The first prong of the vagueness test is concerned with whether the statute sufficiently warns persons "wishing to obey the law that [their] . . . conduct comes near the proscribed area." The second prong is concerned with whether those who must enforce and apply the law may do so without creating or applying their own standards.

*See also State v. White*, 180 Wis. 2d 203, 213, 509 N.W.2d 434, 437 (Ct. App. 1993). The *Pittman* court went on to note:

> The challenged statute, however, "need not define with absolute clarity and precision what is and what is not unlawful conduct." "A statute is not void for vagueness simply because 'there may exist particular instances of conduct the legal or illegal nature of which may not be ascertainable with ease.' " The ambiguity must be such that "one bent on obedience may not discern when the region of proscribed conduct is neared, or such that the trier of fact in ascertaining guilt or innocence is relegated to creating and applying its own standards of culpa-

432

bility rather than applying standards prescribed in the statute or rule."

*Pittman*, 174 Wis. 2d at 276-77, 496 N.W.2d at 83 (citations omitted). Further, when the alleged conduct of the accused plainly falls in the prohibited zone sought to be proscribed by the statute in question, the accused may not base a constitutional vagueness challenge on hypothetical facts. *Milwaukee v. K.F.*, 145 Wis. 2d 24, 33-34, 426 N.W.2d 329, 333-34 (1988).

To provide a basis for her claim of unconstitutional vagueness, LaPlante sets forth various difficulties she sees in the wording of the statute: (1) What is the level of knowledge required to impose a duty to aid; (2) Does the underlying crime have to have been reported to appropriate law enforcement authorities in order for the duty to report to attach; (3) Does the person witnessing the crime actually have to believe that a crime was being committed; (4) What is the nature of the four exceptions listed in § 940.34(2)(d)1-4, STATS.;[1] (5) Does the duty to report attach only while the crime is being committed and not afterwards; and (6) When does a person become a victim? We discuss the first three queries posed by LaPlante together. Queries four through six are then addressed *seriatim*.

---

[1] Section 940.34(2)(d)1-4, STATS., provides:

(d)  A person need not comply with this subsection if any of the following apply:

1.  Compliance would place him or her in danger.

2.  Compliance would interfere with duties the person owes to others.

3.  In the circumstances described under par. (a), assistance is being summoned or provided by others.

4.  In the circumstances described under par. (b) or (c), the crime or alleged crime has been reported to an appropriate law enforcement agency by others.

A plain and reasonable reading of the statute reveals that any person who knows that a crime is being committed and knows that the victim is exposed to bodily harm must either call for a law enforcement officer, call for other assistance or provide assistance to the victim.

The statute requires that a person must "know" a crime is in the process of occurring and a victim is exposed to bodily harm. Section 939.20, STATS., declares that the definition of "knows" set forth in § 939.23(2), STATS., applies to § 940.34(2)(a), STATS. Section 939.23(2) sets forth that "to know" requires only that the actor believe that a specific fact exists. *See also State v. Swanson*, 92 Wis. 2d 310, 319, 284 N.W.2d 655, 660 (1979) ("Knowingly" is defined as including the state of mind of one who acts "with an awareness of the high probability of the existence of the fact in question' " or one who "does not possess positive knowledge only because he consciously avoided it.' " (Citation omitted.)). To prove a case then, the state must convince the fact-finder that an accused believed a crime was being committed and that the victim was exposed to bodily harm. It is not a necessary element of the statute, however, that the "crime . . . being committed" be a crime already reported. Indeed that rarely would be so and such an interpretation would be absurd.

LaPlante also asserts that the statute is unconstitutionally vague because a trial court is required to determine whether the circumstantial exceptions delineated in § 940.34(2)(d), STATS., are affirmative defenses or are elements that the state must disprove in order to obtain a conviction.

We conclude that the question of whether the defendant was within one of the exceptions delineated

in § 940.34(2)(d), STATS., is a matter of affirmative defense which must be raised by the defendant. As noted by the trial court, the exceptions are numerous and are located in a separate subsection. This is a situation where the evidence of the exempting fact is especially within the knowledge or control of the defendant. As recognized by the supreme court, an affirmative defense is one that " 'does not serve to negative any facts of the crime which the State is to prove in order to convict.' " *State v. Schulz*, 102 Wis. 2d 423, 429, 307 N.W.2d 151, 155 (1981) (citation omitted). As such, an affirmative defense places a burden of persuasion on the defendant to prove facts *other* than those relating to the charged crime. "A state may constitutionally place a burden of proof upon a defendant with respect to a question of fact so long as the defense is affirmative and does not attack an element of the crime." *State v. Loomer*, 153 Wis. 2d 645, 651, 451 N.W.2d 470, 472 (Ct. App. 1989). Consequently, there is no constitutional error in assigning LaPlante the burden with respect to the affirmative defenses listed in § 940.34(2)(d).

■ Next, LaPlante argues that a literal reading of the statute suggests that the duty to aid only attaches while the crime is being committed and that the statute does not apply after the completion of the crime. As noted above, however, when the conduct of the defendant falls into the prohibited zone sought to be proscribed by the statute, a vagueness challenge cannot be based on hypothetical facts. *See Milwaukee v. K.F.*, 145 Wis. 2d at 33-34, 426 N.W.2d at 333-34. Here, the record clearly reveals that several individuals who were at the party witnessed LaPlante standing idly by while Hendy was being brutally beaten. Thus, LaPlante's conduct falls squarely into the prohibited

zone of the statute and we need not consider her hypothetical scenario.

Finally, LaPlante contends that the statute's failure to define when a person actually becomes a "victim" violates her rights to due process of law and free speech.[2] The precise moment a person becomes a victim, however, need not be objectively determined. Rather, under § 940.34(2)(a), STATS., if a person believes a crime is being committed, then, by definition, the person must necessarily also believe there is a victim of that crime.[3]

For the reasons set forth above, all of LaPlante's challenges fail to establish the vagueness of § 940.34(2)(a), STATS., beyond a reasonable doubt. *See State v. McManus*, 152 Wis. 2d 113, 129, 447 N.W.2d 654, 660 (1989) (the party bringing any challenge must show the statute to be unconstitutional beyond a reasonable doubt).

## B. *Application of Statute*

LaPlante contends that § 940.34(2)(a), STATS., as it applies to her in the present context, is unconstitutional in that it violates her right against self-

---

[2] LaPlante presents no argument as to how this determination violates her First Amendment right to free speech. Consequently, we decline to address that aspect of LaPlante's contention. *See State v. S.H.*, 159 Wis. 2d 730, 738, 465 N.W.2d 238, 241 (Ct. App. 1990) (appellate court need not review inadequately briefed issues).

[3] "Victim" is commonly understood and is defined at § 949.01(6), STATS., as a person injured by any "act or omission of any other person that is within the description of any of the offenses listed in s. 943.03(1)(b)," and one of the crimes therein listed is battery in violation of § 940.19, STATS.

incrimination as guaranteed by the Fifth Amendment of the United States Constitution and art. I, sec. 8 of the Wisconsin Constitution.

The privilege against self-incrimination " 'protects an accused . . . from being compelled to testify against himself, or otherwise provide the State with evidence of a testimonial or communicative nature.' " *Pennsylvania v. Muniz*, 496 U.S. 582, 589 (1990) (citations omitted). " '[T]o be testimonial, an accused's communication must itself, explicitly or implicitly, relate [to] a factual assertion or disclose information. . . .' " *Id.* (Citation omitted.). Furthermore, the privilege is intended to protect citizens suspected of criminal acts from the cruel trilemma of self- accusation, perjury or contempt. *Id.* at 595 n.8.

As a basis for her contention, LaPlante cites *State v. Wardlow*, 484 N.E.2d 276 (Ohio Ct. App. 1985). The *Wardlow* court held that the crime of failure to report a felony — the rape of a daughter by a live-in boyfriend, which led to Ms. Wardlow's prosecution, infringed upon the right against self-incrimination.[4] Although LaPlante argues that § 940.34(2)(a), STATS., is similar to the Ohio statute, we deem it quite distinguishable. The State of Ohio R.C. 2921.22 provides, in pertinent part:

> (A) No person knowing that a felony has been or is being committed, shall knowingly fail to report such information to law enforcement authorities.
>
> . . . .

---

[4] It should be noted that the Ohio court rejected an unconstitutional vagueness challenge to the statute. *Wardlow*, 484 N.E.2d at 278-79.

(E) Division A . . . of this section does not require disclosure of information, when any of the following applies:

. . . .

(2) The information would tend to incriminate a member of the actor's immediate family.

■

Section 940.34(2)(a), STATS., on the other hand, requires that a person who knows that a crime is being committed, and that a victim is exposed to bodily harm, perform one of three acts: (1) summon a law enforcement officer; or (2) summon other assistance; or (3) provide assistance to the victim. Governmental compulsion of information is not present in any of these alternative forms of action. The statute is simply devoid of any mandate that an individual identify oneself when fulfilling the statute's requirements. By calling for help, LaPlante would have been under no obligation to provide her name, nor would she have been required to provide any information as to why the victim was harmed. She simply had to call for assistance or render it herself. Because the statute does not force a person to incriminate oneself, the Fifth Amendment and art. I, sec. 8 of the Wisconsin Constitution are not violated.

*By the Court.*—Judgment affirmed.