STATE of Wisconsin, Plaintiff-Respondent,

v.

Rory D. REVELS, Defendant-Appellant.†

Court of Appeals

*No. 97–3148–CR. Submitted on briefs June 9, 1998.—Decided July 30, 1998.*

(Also reported in 585 N.W.2d 602.)

†Petition to review denied.

On behalf of the defendant-appellant, the cause was submitted on the briefs ·of *Fred D. Hollenbeck, Rebecca M. Richards-Bria* and *Paul S. Curran* of *Curran, Hollenbeck & Orton, S.C.* of Mauston.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *James M. Freimuth,* assistant attorney general.

Before Eich, C.J., Dykman, P.J., and Vergeront, J.

EICH, C.J. We granted Rory Revels, who is facing a charge of causing death by the intoxicated use of a vehicle, leave to appeal from an interlocutory order requiring him to provide the prosecutor with a summary of his expert witness's findings and the subject matter of the witness's testimony pursuant to § 971.23(2m)(am), STATS. The statute requires the defendant to provide the prosecution with a list of intended witnesses and, with respect to expert witnesses, to provide:

> any reports or statements of experts made in connection with the case or, if an expert does not prepare a report or statement, a written summary of the expert's findings or the subject matter of his or her testimony,. . . including the results of any . . . scientific test, experiment or comparison that the defendant intends to offer at trial.

317

Revels challenges the constitutionality of the statute on grounds that (a) it is vague with respect to the extent of allowable discovery, and (b) it is fatally overbroad in that it "requires [him] to forfeit his Fifth Amendment rights against self-incrimination and his Sixth Amendment right to counsel and to present a defense." Alternatively, he argues that the trial court's order, which he says requires him to disclose both a summary of the expert's findings *and* a statement of the subject matter of the testimony, violates the terms of the statute. We reject Revels's arguments and affirm the order.

The charge grew out of a one-car "rollover" accident that resulted in the death of a passenger in Revels's truck. The prosecutor sought discovery under § 971.23, STATS., quoting the language of subsection (2m) *verbatim*. Revels responded with a document titled "List of Witnesses to be Called by Defendant," which contained the names of forty-five persons. One of the witnesses was listed as "Dennis D. Skogen, Safety Engineering." Immediately below Skogen's name appears the following notation:

> Mr. Skogen is an expert on accident reconstruction. The subject matter of his testimony will be the results of his examination and evaluation of the scene of the accident and the mechanics of the accident. Enclosed is a copy of his drawing which the defense has received.

A diagram, apparently prepared by Skogen and purporting to represent the accident scene, was attached to the document.

The prosecutor complained to the trial court that the summary was inadequate under the statute. Responding, Revels claimed that to the extent the statute required anything more than the statement he

provided, it was unconstitutional. The trial court rejected Revels's arguments and ordered him to provide the prosecutor with "a written summary of the findings and anticipated testimony of . . . Dennis D. Skogen."

**(1) Scope of Review.** We review constitutional challenges *de novo*, owing no deference to the trial court's decision. *State v. McManus*, 152 Wis. 2d 113, 129, 447 N.W.2d 654, 660 (1989). We are guided, however, by several well-established rules. First, all acts of the legislature are presumed to be constitutional and will be upheld "if there is any reasonable basis for the exercise of [the] legislative power." *Id.* (quoted source omitted). The person challenging the law has the burden of establishing its unconstitutionality beyond a reasonable doubt, *State v. Carpenter*, 197 Wis. 2d 252, 263, 541 N.W.2d 105, 109 (1995), and if we can "conceive any facts on which the legislation could reasonably be based," we must uphold it. *McManus*, 152 Wis. 2d at 129, 447 N.W.2d at 660 (quoted source omitted).

**(2) Constitutionality: Vagueness.** Revels argues that because the statute can be viewed in two different ways—he says he considered himself in compliance when he provided the prosecutor with a description of the subject matter of Skogen's testimony, while the prosecutor contended that a summary of the actual testimony was required—and the trial court was thus forced to interpret its terms, it must be considered unconstitutionally vague.

[3]

The State says first that because § 971.23(2m), STATS., is a procedural rather than a substantive statute, it is not subject to a void-for-vagueness challenge.

319

We agree. Because "[a] challenge of a criminal statute for vagueness requires that the statute prohibit specific conduct," we have held that, where the statute in question "does not prohibit conduct, but instead regulates . . . procedure," a vagueness challenge will not lie. *State v. Dums,* 149 Wis. 2d 314, 324, 440 N.W.2d 814, 817 (Ct. App. 1989). Vagueness is essentially a due-process question: whether the statute is "sufficiently definite to give notice of the required conduct to one who would avoid its penalties, and to guide the judge in its application and the lawyer in defending one charged with its violation." *Boyce Motor Lines, Inc. v. United States,* 342 U.S. 337, 340 (1952) (quoted in *State v. Courtney,* 74 Wis. 2d 705, 710–11, 247 N.W.2d 714, 718 (1976)).

Revels claims the statute is penal in that compliance with its terms—as interpreted and applied by the circuit court—would require him to produce a statement of his expert's opinion, which is, in turn, based on his own statement to the expert as to how the accident occurred. Viewed in this light, says Revels, the statute has an "undeniable and unavoidable penal aspect."

■ As indicated above, the statute requires production of statements or reports prepared by expert witnesses intended to be called at trial—or, if the witnesses have prepared no reports or statements, a written summary of their findings or the subject matter of their testimony. While there are possible sanctions for failure to comply with a discovery order based on the statute—exclusion of evidence, granting a continuance to the opposing party or advising the jury of the noncompliance—the trial court may excuse the violation "for good cause shown." Section 971.23(7m), STATS. And Revels has not persuaded us that either the

existence of such remedial sanctions or the fact that the expert witness's statements or reports may be based on information Revels himself provided effectively changes § 971.23 from a procedural into a penal statute which may be challenged for vagueness.[1]

**(3) Constitutionality: Overbreadth.** Revels next argues that the statute is overbroad and "chills [his] Fifth and Sixth Amendment rights." With respect to the Fifth Amendment, he claims (again) that because his expert's opinion will be based upon his own (Revels's) version of the events leading up to the accident, pretrial disclosure of that opinion to the prosecutor will have the effect of requiring him to provide evidence that "will be used against [him]." His Sixth Amendment challenge is based on his assertion that expert-witness materials must necessarily include information "which he has provided in confidence to his attorney," and thus the statute infringes upon the exercise of his right to counsel and also implicates the attorney-client and attorney work-product privileges. Finally, he claims the statute deprives him of his right

---

[1] We note in this regard that all of the cases Revels cites in support of his argument that § 971.23(2m), STATS., is a "penal" section involve vagueness challenges to laws that, contrary to the Wisconsin statute, are patently penal in nature. *See, e.g., Milwaukee v. K.F.,* 145 Wis. 2d 24, 426 N.W.2d 329 (1988) (municipal ordinance carrying a forfeiture penalty); *State v. Courtney,* 74 Wis. 2d 705, 247 N.W.2d 714 (1976) (provision of state administrative code carrying a penalty of a fine or imprisonment or both); *State v. Corcoran,* 186 Wis. 2d 616, 522 N.W.2d 226 (Ct. App. 1994) (destruction of computer data); *State v. Barman,* 183 Wis. 2d 180, 515 N.W.2d 493 (Ct. App. 1994) (homicide by negligent use of a motor vehicle); *City of Madison v. Baumann,* 155 Wis. 2d 388, 455 N.W.2d 647 (Ct. App. 1990), *rev'd,* 162 Wis. 2d 660, 470 N.W.2d 296 (1991) (municipal ordinance carrying a forfeiture penalty).

to present a defense—in particular, the "right to develop a theory of the case with [his] attorney."

■

A statute will be struck down as overbroad "only when its language is so sweeping that its sanctions could be applied to activities protected by the . . . Constitution." *State v. Corcoran,* 186 Wis. 2d 616, 635, 522 N.W.2d 226, 233–34 (Ct. App. 1994). The particular vice of an overbroad law "is that by sweeping protected activity within its reach it deters citizens from exercising their protected constitutional freedoms, the so-called 'chilling effect.' " *State v. Neumann,* 179 Wis. 2d 687, 711, 508 N.W.2d 54, 63 (Ct. App. 1993) (citation omitted). And because a reviewing court "must apply the overbreadth doctrine only with hesitation and as a last resort, the . . . challenge must be both 'real and substantial.' " *State v. Janssen,* 213 Wis. 2d 471, 479, 570 N.W.2d 746, 750 (Ct. App. 1997). Thus, we must be "confident in our prediction that the [statute] will deter [a] constitutionally protected [right]" before we may declare it unconstitutional on grounds of overbreadth. *Id.*

■

Addressing Revels's self-incrimination argument first, we note that the privilege against self-incrimination protects a person only against being incriminated by his or her own compelled testimonial communications. *State v. LaPlante,* 186 Wis. 2d 427, 437, 521 N.W.2d 448, 452 (Ct. App. 1994). There are four requirements that, taken together, trigger the privilege against self-incrimination. "[T]he information sought must be: (i) incriminating; (ii) personal to the defendant; (iii) obtained by compulsion; and (iv) testimonial or communicative in nature." *Izazaga v. Superior Court,* 815 P.2d 304, 310 (Cal. 1991) (citing

*United States v. Nobles*, 422 U.S. 225, 233 n.7 (1975), *Schmerber v. California*, 384 U.S. 757, 761 (1966), and *Doe v. United States*, 487 U.S. 201, 207 (1988)).[2] It follows that statutorily mandated discovery of evidence that meets these four requirements is prohibited; and, conversely, "discovery of evidence that does not meet each of these requirements is not barred by [the Fifth Amendment]." *Izazaga*, 815 P.2d at 310 (citing *Schmerber*, 384 U.S. at 761).[3]

---

[2] The *Izazaga* court noted, "These four requirements emanate directly from the wording of the self-incrimination clause: 'No person . . . shall be compelled in any criminal case to be a witness against himself . . . .' " *Izazaga v. Superior Court*, 815 P.2d 304, 310 n.4 (Cal. 1991).

[3] Revels contends that *Izazaga* is of no value because the California discovery statute "does not contain any of the requirements that are at issue in this case." The California statute, Penal Code section 1054.3, requires disclosure of:

> The names and addresses of persons, other than the defendant, he or she intends to call as witnesses at trial, together with any relevant written or recorded statements of those persons, or reports of the statements of those persons, including any reports of statements of experts made in connection with the case, and including the results of . . . scientific tests, experiments, or comparisons which the defendant intends to offer in evidence at trial.

As indicated, § 971.23(2m), STATS., requires disclosure of:

> (a) A list of all witnesses, other than the defendant, whom the defendant intends to call at trial;

> (b) Any relevant written or recorded statements of a witness named on a list under par. (a), including any reports or statements of experts made in connection with the case, or, if an expert does not prepare a report or statement, a written summary of the expert's findings or the subject matter of his or her testimony, and including the results of any . . . scientific test, experiment or comparison that the defendant intends to offer in evidence at trial.

The two statutes are identical in all essential terms. And Revels has not persuaded us that the additional Wisconsin lan-

██

The State argues first that the rule does no more than "accelerate" the disclosure of information prepared by an expert witness whom the defendant intends to have testify at trial. Section 971.23(2m)(am), STATS. In *Williams v. State of Florida*, 399 U.S. 78, 85 (1970), the Supreme Court upheld a notice-of-alibi rule against a Fifth Amendment challenge, holding that pretrial disclosure of the names and addresses of prospective alibi witnesses was not "compelled" self-incrimination, but, "[a]t most," required the defendant to "accelerate the timing of his disclosure," by "forcing him to divulge at an earlier date information [he] from the beginning planned to divulge at trial." The court concluded: .

> Nothing in the Fifth Amendment privilege entitles a defendant as a matter of constitutional right to await the end of the State's case before announcing the nature of his defense, any more than it entitles him to await the jury's verdict on the State's case-in-chief before deciding whether or not to take the stand himself.

*Id.* Nor, under the authorities just discussed, does the statute require disclosure of information that is "personal to the defendant." The Supreme Court has, for example, upheld disclosure of a defense investigator's report of statements made by prosecution witnesses on just that basis: that the privilege against self-incrimination "is a *personal* privilege: it adheres basically to the person, not to information that may incriminate

---

guage requiring disclosure of a summary of the expert's findings if no written report has been prepared requires a result different from the one the California Supreme Court reached in *Izazaga*.

him." *United States v. Nobles*, 422 U.S. at 233 (emphasis in the original).[4] And in *Fisher v. United States*, 425 U.S. 391 (1976), a tax code violation case, the Court upheld an IRS subpoena seeking the work papers of the accountant who had prepared the defendant's returns.

> It is . . . clear that the Fifth Amendment does not independently proscribe the compelled production of every sort of incriminating evidence but applies only when the accused is compelled to make a *testimonial* communication that is incriminating.
>
> . . . .
>
> A subpoena served on a taxpayer requiring him to produce an accountant's workpapers in his possession without doubt involves substantial compulsion. But it does not compel oral testimony; nor would it ordinarily compel the taxpayer to restate, repeat, or affirm the truth of the contents of the documents sought. Therefore, the Fifth Amendment would not be violated by the fact alone that the papers on their face might incriminate the taxpayer, for the privilege protects a person only against being incriminated by his own compelled testimonial communications.

*Id.* at 408–09. Here, too, we see little difference between Revels's expert's work and that of the taxpayer's accountant in *Fisher*. The papers prepared by the accountant necessarily involved assimilating information from the taxpayer, just as Skogen's expert opinion necessarily involved assimilating information obtained from Revels. Again, Revels has not estab-

---

[4] While the disclosure in *Nobles* was ordered during trial rather than before, the principle that information compiled by someone working for the defendant is not "personal" to the defendant, in the context of a Fifth Amendment analysis, is unaffected.

lished that § 971.23(2m), STATS., is overbroad on its face as violative of the privilege against compelled self-incrimination.

As to the claimed Sixth Amendment violation, Revels maintains that the statute infringes upon both his right to counsel and his right to present a defense. He states first that "in order for the expert [witness] to aid the defense, confidential information must be disclosed to [him]," and that the statute, by requiring disclosure of the expert's opinion and/or reports, compels disclosure of information that is protected by the statutory attorney-client privilege.[5] Second, he asserts—without citation to legal authority[6]—that "[p]art of [a] defendant's right to present a defense is

---

[5] The privilege is found in § 905.03(2), STATS., which states, "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client: between the client or the client's representative and the client's lawyer or the lawyer's representative."

[6] In support of his contention that the attorney's work-product privilege is a facet of his Sixth Amendment right to present a defense, he offers only a general citation to *State ex rel. Dudek v. Circuit Court*, 34 Wis. 2d 559, 150 N.W.2d 387 (1967). *Dudek* is, of course, a leading case on the subject of the work-product privilege, and Revels has not pointed to anything in that case suggesting that the privilege is a right of constitutional dimension. Even if such a leap could be made, he has not indicated how the information from his expert fits *Dudek's* definition of work product as "the information [the *lawyer*] has assembled and the mental impressions, the legal theories and strategies that he [or she] has pursued or adopted as derived from interviews, statements, memoranda, correspondence, briefs, legal and factual research, mental impressions, personal beliefs, and other tangible or intangible means." *Id.* at 589, 150 N.W.2d at 404.

the right to develop a theory of the case with an attorney," and "[t]his theory then becomes part of the attorney work product which is privileged," and thus, he claims, the rule violates that privilege.

First, it must be remembered that Revels offers these assertions in the context of an argument that the statute is facially overbroad, and we agree with the State that because neither the statutory attorney-client privilege nor the attorney's work-product privilege is a rule of constitutional origin or dimension, the arguments in this regard are misplaced.[7] Second, Revels has not persuaded us that the statute contravenes either privilege. The State points out, for example, that should a defendant believe that an order issued in a particular case would violate a statutory or common-law privilege, he or she may pursue a protective order or an *in camera* review by the trial court, as authorized by § 971.23(6) and (6m), STATS.

Beyond that, as we discussed above, to the extent the statute requires disclosure of documents or statements that might arguably be considered attorney-client communications or work-product, it merely accelerates the timing of their disclosure from trial to the pretrial stage, for it applies only to witnesses intended to be called at trial and to expert findings and

---

[7] In *Dyson v. Hempe*, 140 Wis. 2d 792, 813, 413 N.W.2d 379, 388 (Ct. App. 1987), for example, we recognized that "[t]he lawyer-client privilege is a product of the common law." And in *Shaw v. Wuttke*, 28 Wis. 2d 448, 455–56, 137 N.W.2d 649, 653 (1965), the supreme court noted that the attorney's work-product privilege had its origin in decisions of the United States Supreme Court, notably *Hickman v. Taylor*, 329 U.S. 495 (1947), which the court relied on extensively in *Dudek* to refine its formulation of the rule the following year. *See Dudek*, 34 Wis. 2d at 585–89, 150 N.W.2d at 401–04.

opinions that are intended to be presented at trial. And Revels has directed us to no authority indicating that the constitutional right to counsel or to present a defense to a criminal charge is abridged by accelerating the disclosure of statements of intended witnesses, or the findings and opinions of expert witnesses intended for introduction in evidence at trial.

**(4) Trial Court Error.** Claiming that Skogen has not prepared any report or summary, Revels argues first that all the trial court may order in that instance is either a written summary of Skogen's findings *or* a summary of his testimony—but not both. And he says the court's order in this case, which requires disclosure of "a written summary of the findings and anticipated testimony of the . . . witness," violates the provisions of the statute requiring disclosure of "any reports or statements of experts made in connection with the case or, if an expert does not prepare a report or statement, a written summary of the expert's findings *or* the subject matter of his or her testimony." (Emphasis supplied.)

As we noted at the outset, the State requested—in the words of the statute—disclosure of either Skogen's report or, if none was prepared, a summary of his findings or the subject matter of his testimony, including the results of any tests, experiments or comparisons intended to be offered in evidence. Revels's response was a non-response: all he said was that the subject matter of Skogen's testimony would be "the results of his examination and evaluation . . . ." In other words: "Skogen will testify as an expert."

The prosecutor complained to the trial court at the hearing on the State's motion to compel discovery that such a response "really doesn't do anything." Rejecting Revels's brief constitutional argument, the court said it

would order him to disclose "a written summary of the expert's findings." The written order issued by the court stated, as we have noted above, that Revels was to disclose a "summary of [Skogen's] findings and anticipated testimony." While we have some difficulty seeing the difference between an expert's findings and his or her anticipated testimony (will Skogen be testifying to something different from his "findings?"), we consider the trial court's order as confirming the patent inadequacy of Revels's "summary" response to the State's discovery request and directing him to comply with the statute.

Under the statute, where, as here, the expert witness has not produced a written or record statement or report, the defense must disclose to the prosecution—in addition to a summary of the expert's findings or the subject matter of his or her testimony—"the *results* of any scientific test, experiment or comparison" intended to be offered in evidence at trial (emphasis added). Revels acknowledged in his first "response" to the State's request that Skogen is expected to present "the results of his examination and evaluation of the scene of the accident and the mechanics of the accident." That is precisely the type of information at which § 971.23(2m), STATS., is plainly directed, and it is the information that Revels has steadfastly declined to disclose. His refusal flies in the face of both the language and the obvious purpose of the statute.

A Legislative Reference Bureau drafting note to the bill that eventually became § 971.23(2m), STATS., indicates that it was patterned after the California statute. Indeed, as we noted above, *supra* note 3, the language of the Wisconsin statute tracks the California law almost *verbatim*. And a preamble to the California law states the legislative intent that its terms are to be

interpreted, among other things, "[t]o promote the ascertainment of truth in trial by requiring timely pre-trial discovery," and "[t]o save court time in trial and avoid the necessity for frequent interruptions and postponements." Cal. Penal Code, § 1054 (1990). We agree with the State that, given the language of § 971.23(2m), and its obvious purpose, it must be construed to require disclosure of relevant substantive information that a defense expert is expected to present at trial—whether in the form of "findings," test "results" or a description of the expert's proposed testimony. We interpret the trial court's order as requiring just that, and it is Revels's obligation to comply.

■

Beyond that, despite his protestations as to the validity of the statute and the court's order directing compliance, Revels has not sought either a protective order or an *in camera* review of the information he claims will so seriously prejudice his case. Nor has he explained how disclosure of the results of Skogen's examination of the evidence would violate any constitutional right he may possess.

*By the Court.*—Order affirmed and cause remanded.