STATE of Wisconsin, Plaintiff-Respondent,†

v.

Jason L. McCLAREN, Defendant-Appellant.

Court of Appeals

*No. 2007AP2382–CR. Submitted on briefs March 11, 2008.
—Decided June 19, 2008.*

2008 WI App 118

(Also reported in 756 N.W.2d 802.)

† Petition to review granted.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Susan V. Happ* of *Happ Law Office, LLC*, Jefferson.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James M. Freimuth*, Assistant Attorney General, and *J.B. Van Hollen*, Attorney General.

Before Dykman, Vergeront and Bridge, JJ.

¶ 1. BRIDGE, J.   Jason McClaren is charged with aggravated battery, attempted first-degree intentional homicide and first-degree reckless injury. The State has conceded that a factual basis exists for him to raise a claim of perfect self-defense. He appeals the circuit court's pretrial order requiring him to disclose, prior to trial, a summary of the evidence he intends to offer in furtherance of his defense regarding what he believed to be the violent character of the victim. In particular, the order requires disclosure of a summary of all specific instances of the victim's violent conduct of which McClaren is aware and intends to introduce at trial, including witnesses to the conduct and the relevant dates and locations of the conduct. We conclude that under the rule articulated in *State v. Miller*, 35 Wis. 2d 454, 478, 151 N.W.2d 157 (1967), the circuit court's order exceeds its authority under WIS. STAT. § 971.23(2m) (2005–06)[1] governing pretrial discovery in criminal matters. We also conclude that the court's general authority under WIS. STAT. § 906.11 to exercise control over the mode and order of presenting evidence cannot be read to permit it to require pretrial discovery that it would otherwise not be permitted to require under § 971.23(2m) and the rule in *Miller*. Accordingly, we reverse the circuit court's order.

---

[1] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

## BACKGROUND

¶ 2.    Jason McClaren is charged with aggravated battery by use of a dangerous weapon in violation of WIS. STAT. §§ 940.19(5) and 939.63(1)(b); attempted first-degree intentional homicide in violation of WIS. STAT. §§ 940.01(1)(a) and 939.32; and first-degree reckless injury in violation of WIS. STAT. § 940.23(1)(a). The charges stem from allegations that while inside the garage of McClaren's residence, McClaren struck Conrad Goehl in the neck with a pick axe. In a videotaped statement, McClaren told police that he knew that Goehl had a violent character and had been "in and out of prison."

¶ 3.    By pretrial motion in limine, McClaren sought a ruling regarding the admissibility of evidence of Goehl's dangerous character and prior acts of violence as they related to McClaren's claim of self-defense. At the hearing on the motion, the State conceded that there was a factual basis to raise a claim of perfect self-defense[2] and did not oppose the motion as long as the evidence was not unfairly duplicative. Goehl's criminal record includes eleven prior convictions. McClaren's witness list contains the names and addresses of six witnesses, in addition to the witnesses named in the prosecutor's witness list.

¶ 4.    During the motion hearing, the circuit court ruled that evidence of any specific alleged prior acts of Goehl's violence that McClaren mentioned to police in the videotaped interview would be admissible at trial without McClaren providing any further description of those alleged acts. The court went on, however, to

---

[2] Perfect self-defense gives the jury a basis to find a defendant not guilty. *See State v. Head*, 2002 WI 99, ¶ 2, 255 Wis. 2d 194, 648 N.W.2d 413.

express concern about additional evidence of McClaren's knowledge of Goehl's violent behavior that would come in through witness testimony, and whether McClaren would attempt to present evidence that may not be admissible and would unduly influence the jury. For example, the court referenced the fact that Goehl had one felony conviction for the sexual assault of a child, and observed that this particular offense may or may not be relevant to McClaren's self-defense claim. The court noted that such evidence may have an unfairly prejudicial effect on the State's case once the jury heard of it, and that it would be "a bell that would be difficult to unring." Defense counsel indicated that she did not intend to introduce evidence about this particular offense, but the court observed that there may be similar issues regarding Goehl's other offenses. The court continued to voice concern about the danger of unfair prejudice if the details emerged for the first time at trial before the court could rule on admissibility.

¶ 5. The court also indicated that it did not wish to take the time to hear offers of proof outside of the jury's presence when and if McClaren attempted to introduce such evidence and drew objections from the State. The court concluded:

> So, I'm not requiring the defense to submit anything if it doesn't want to, but I am prohibiting the defense from referring to any alleged conduct by Mr. Goehl that falls under this category without a pretrial ruling.

> I don't want to take time with the jury sitting here to be processing this information during the trial, and it could be a pretty lengthy hearing that's required depending on what it is we're talking about.

> I don't know what we're talking about, because it hasn't been revealed. I don't want to end up in a

402

situation where the jury is waiting in the jury room for two hours while I hear from three or four witnesses describing something allegedly done by Mr. Goehl that's not covered in the police [videotaped] interview [of McClaren].

So, in order to ensure that the trial proceeds in an orderly manner and that I am allowed to take reasonable steps to avoid unfair prejudice to both parties, I will require that any party who wishes to offer such evidence present the details in writing to the Court and to the opposing party before trial.

¶ 6.   In its written pretrial order, the court ruled that McClaren must provide the State, before trial, with "a [written] summary of all specific instances of the victim's violent conduct of which the defendant was aware and that the defendant intends to introduce at trial, including witnesses to such conduct and the date and place such conduct occurred." The order provided further that this requirement did not apply to the instances of violent conduct which were referenced in McClaren's statement to police.

¶ 7.   McClaren sought leave to appeal the court's pretrial order. We granted interlocutory review and stayed further proceedings in the circuit court pending resolution of this appeal.

## STANDARD OF REVIEW

¶ 8.   The question of judicial authority is an issue of law which we review de novo. *Breier v. E.C.*, 130 Wis. 2d 376, 381, 387 N.W2d 72 (1986).

## DISCUSSION

¶ 9.   In *McMorris v. State*, 58 Wis. 2d 144, 152, 205 N.W.2d 559 (1973), the supreme court held that:

When the issue of self-defense is raised in a prosecution for assault or homicide and there is a factual basis to support such defense, the defendant may, in support of the defense, establish what the defendant believed to be the turbulent and violent character of the victim by proving prior specific instances of violence within his knowledge at the time of the incident.

¶ 10. A defendant's proof of alleged prior violent acts of the victim is not limited to the defendant's own testimony; within the trial court's discretion, the defendant may produce supporting evidence to prove that the acts of which the defendant claims knowledge actually occurred. *State v. Wenger*, 225 Wis. 2d 495, 508, 593 N.W.2d 467 (Ct. App. 1999). The court may exclude the evidence "if its 'probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *State v. Head*, 2002 WI 99, ¶ 129, 255 Wis. 2d 194, 648 N.W.2d 413.

¶ 11. The issue before us is whether McClaren may be compelled to provide a summary of his proffered *McMorris* evidence prior to trial.

¶ 12. McClaren argues that to require pretrial disclosure of this evidence would violate his state and federal constitutional right to freedom from compelled self-incrimination. The self-incrimination clause of the Fifth Amendment to the United States Constitution and article I, section 8 of the Wisconsin Constitution provide that no person may be compelled in any criminal case to be a witness against himself. The privilege against self-incrimination protects a defendant from "being compelled to testify against himself, or otherwise

provide the State with evidence of a testimonial or communicative nature." *Schmerber v. California,* 384 U.S. 757, 761 (1966).

¶ 13. McClaren also argues that the court's threatened sanction of excluding evidence of any of Goehl's past violent acts and the witnesses thereto if McClaren does not provide the required summary would violate his constitutional rights to present a defense and to due process. The right to present a defense is grounded in the confrontation and compulsory process clauses of the Sixth Amendment to the United States Constitution and article I, section 7 of the Wisconsin Constitution and includes the right to present the testimony of favorable witnesses.

¶ 14. Although the majority of the parties' arguments concern whether the required disclosure violates these constitutional rights, our analysis begins instead with a consideration of Wisconsin's criminal discovery statute. In *Miller,* 35 Wis. 2d at 478, which was decided before Wisconsin's criminal discovery statute was enacted, the supreme court determined that there is no general right to discovery in criminal cases except as provided by statute. *See also Wold v. State,* 57 Wis. 2d 344, 348, 204 N.W.2d 482 (1973).[3] The supreme court

[3] In *Wold v. State,* the supreme court observed that prior to the new criminal code, there was no "clear legal right" to discovery, and stated that "the question of whether a discovery motion would be granted was a matter of discretion with the trial court." *Wold v. State,* 57 Wis. 2d 344, 348, 204 N.W.2d 482 (1973). However, the cases cited for that proposition state only that there is no right to pretrial discovery so that mandamus does not lie to compel it; they do not support the proposition that the court may, in the proper exercise of its discretion, *grant* discovery. *See Woodhull v. State,* 43 Wis. 2d 202, 215, 168 N.W.2d 281 (1969); *State ex rel. Johnson v. County Ct.,* 41

405

stated further that "[i]f we are to adopt a pretrial discovery procedure in criminal cases in this state we deem it would be best done by a rule of court or by legislative action rather than on a case to case basis by the court." *Miller*, 35 Wis. 2d at 478.

¶ 15. Following the enactment of the criminal discovery statute, the supreme court has continued to adhere to the principle that the right to discovery in criminal cases is limited to that which is provided by statute. *See, e.g., State v. O'Brien*, 223 Wis. 2d 303, 319, 588 N.W.2d 8 (1999); *State ex rel. Lynch v. County Court.*, 82 Wis. 2d 454, 466, 262 N.W.2d 773 (1978); *State v. O'Connor*, 77 Wis. 2d 261, 280 n.7, 252 N.W.2d 671 (1977); *Irby v. State*, 49 Wis. 2d 612, 620, 182 N.W.2d 251 (1971).[4]

¶ 16. WISCONSIN STAT. § 971.23, which was enacted in 1969,[5] now grants limited discovery. *See Wold*, 57 Wis. 2d at 348–49. Pursuant to § 971.23(1), entitled "WHAT A DISTRICT ATTORNEY MUST DISCLOSE TO A DEFENDANT," the district attorney must disclose any written or recorded statement made by a defendant concerning the alleged crime; a written summary of the defendant's statements that the prosecutor plans to use at trial and any witnesses to such statements; evidence obtained through interception of wire, electronic or oral communications; a copy of the defendant's criminal record; a list of all witnesses the prosecutor intends to call, along with their addresses;

---

Wis. 2d 188, 193, 163 N.W.2d 6 (1968); and *State v. Miller*, 35 Wis. 2d 454, 478, 151 N.W.2d 157 (1967).

[4] Although the cited cases involve a defendant's request for pretrial discovery, we see no reason why the logic of *Miller* and subsequent cases would differ in cases involving pretrial discovery requested by the State.

[5] 1969 WIS. LAWS, ch. 255, § 63.

any written or recorded statements of these witnesses; any criminal record of a prosecution witness which is known to the prosecution; any physical evidence the prosecutor intends to use at trial; and any exculpatory evidence. WIS. STAT. § 971.23(1)(a)-(h).

¶ 17. Pursuant to WIS. STAT. § 971.23(2m), entitled "WHAT A DEFENDANT MUST DISCLOSE TO THE DISTRICT ATTORNEY," the defendant must disclose all witnesses who the defendant intends to call at trial, along with their addresses; any written or recorded statements of these witnesses; reports or statements of experts, or a written summary if no report or statement has been prepared; the results of any examination, test, experiment or comparison that the defendant intends to offer in evidence at trial; the criminal record of any defense witness other than the defendant known to the defense attorney; and any physical evidence the defendant intends to offer at trial. WIS. STAT. § 971.23(2m)(a)-(c).

██

¶ 18. WISCONSIN STAT. § 971.23 does not require a criminal defendant to give pretrial notice of any specific theory of defense that the defendant intends to present at trial, other than a notice of "alibi." *See* WIS. STAT. § 971.23(8). In addition, the discovery statute does not require a defendant to divulge the details of his or her own case. *See State v. Konkol*, 2002 WI App 174, ¶ 17, 256 Wis. 2d 725, 649 N.W.2d 300. Thus, the discovery statute does not require McClaren to give pretrial notice of a claim of self-defense or of intended *McMorris* evidence to support such a claim.

¶ 19. The State concedes that the court's order requires McClaren to disclose more information before trial than a defendant is required to do under WIS. STAT. § 971.23(2m). However, it argues that the court's author-

ity to do so stems from Wisconsin case law that permits courts to order pretrial disclosure of certain types of evidence that, if delayed until trial, would potentially warrant a continuance of trial to enable the opposing party to investigate the proffer. In particular, the State refers to proffered "other acts" evidence. The State points out that in *State v. Wallerman*, 203 Wis. 2d 158, 167–68, 552 N.W.2d 128 (Ct. App. 1996), *overruled on other grounds by State v. Veach*, 2002 WI 110, 255 Wis. 2d 390, 648 N.W.2d 447, we encouraged the circuit court to address the admissibility of "other acts" evidence pretrial if possible. We conclude that *Wallerman* is distinguishable on its facts and does not support the State's position.

¶ 20. In *Wallerman*, we addressed the circumstances under which a criminal defendant's concession of one or more elements of the crime charged can effectively bar the State from introducing evidence on those elements. At issue in *Wallerman* was the defendant's concession that whoever committed the sexual assault at issue in that case did so to obtain sexual gratification, which was an element of the crime charged. *Id.* at 165. In spite of the concession, the State sought to prove that element through the introduction of "other acts" evidence of motive and intent with respect to a prior sexual assault allegation against Wallerman. *Id.* at 162. The State argued that it was necessary for it to do so because Wallerman never explicitly offered to enter into a stipulation or make a concession regarding the motive and intent elements of the charges. *Id.* at 166.

¶ 21. We concluded that when a defendant is faced with "other acts" evidence but wishes to concede an element of the crime for which the evidence is being offered, it is necessary for the court to ensure that the record contains conclusive evidence upon which the jury may rely to find guilt before it relieves the State of the

duty to prove that element. *Id.* at 167. We then set out four guidelines designed to make sure that a defendant who wishes to make such a concession expresses his or her intent clearly and unequivocally. *Id.* at 167–68. Under these guidelines, courts are encouraged to: explore the breadth of the defendant's offer in order to determine exactly what the defendant is conceding to; assess the State's evidence and determine whether the "other acts" evidence would still be necessary even with the defendant's concession; and personally voir dire the lawyers and the defendant to ensure that they each understand the effects of the concession. *Id.* In addition, we stated that "just like questions involving the admissibility of 'other acts' evidence, these concessions or stipulations should be addressed pretrial if possible." *Id.* at 168.

¶ 22. Assuming for the sake of argument that *McMorris* evidence is comparable to "other acts" evidence, nothing in *Wallerman* authorizes a circuit court to require, rather than encourage, pretrial disclosure. *Wallerman* involved the need for the circuit court to determine whether the defendant intended to, and did, make a concession. We concluded that the existence of a concession should be ascertained as early as possible in the proceedings. However, we did not hold that a defendant could be *required* to make this concession pretrial. Instead, we held that, to the extent a defendant makes a concession or stipulation, it is preferable to address the matter pretrial, if possible. Thus, our holding in *Wallerman* is not inconsistent with *Miller* and should not be read to authorize a circuit court to require pretrial discovery beyond the dictates of Wis. Stat. § 971.23.

¶ 23. The State next argues that the circuit court's order requiring pretrial disclosure of *McMorris* evidence falls within the court's authority under Wis.

409

STAT. § 906.11 to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence." However, the general authority to superintend a trial cannot be read to permit a court to require pretrial discovery that it would otherwise not be authorized to do under WIS. STAT. § 971.23 and the rule in *Miller*.

¶ 24.   Citing *State v. Revels*, 221 Wis. 2d 315, 319–21, 585 N.W.2d 602 (Ct. App. 1998), the State also contends that discovery rules are rules of court procedure rather than substantive or penal provisions. Thus, it argues, discovery rules are not left exclusively to the legislature, and Wisconsin's appellate courts are equally free to develop them. The Wisconsin Court of Appeals does not possess supervisory authority which would permit it to promulgate rules of criminal practice and procedure. *See State v. Perez*, 170 Wis. 2d 130, 137, 487 N.W.2d 630 (Ct. App. 1992). Wisconsin's constitution and statutes reserve law-developing and law-declaring functions to the Wisconsin Supreme Court. *Id. See also State v. Schumacher*, 144 Wis. 2d 388, 405–07, 424 N.W.2d 672 (1988). To date, the Wisconsin Supreme Court has declined to adopt a pretrial discovery procedure in criminal cases beyond that provided by statute.

¶ 25.   We conclude that the order of the circuit court would operate, in essence, as a discovery device, and would therefore be inconsistent with WIS. STAT. § 971.23(2m) and contrary to the holding in *Miller*. For the foregoing reasons, we reverse the circuit court's order requiring the pretrial disclosure of *McMorris* evidence.

*By the Court.*—Order reversed.