STATE of Wisconsin, Plaintiff-Appellant,

v.

James F. BAGLEY, Defendant-Respondent.

STATE of Wisconsin, Plaintiff-Appellant,

v.

Daniel J. OLEJNICZAK, Defendant-Respondent.

STATE of Wisconsin, Plaintiff-Appellant,

v.

Tommy THOMPSON, Defendant-Respondent.

Court of Appeals

*Nos. 90-2446, 90-2447, 90-2448. Submitted on briefs July 2, 1991.—Decided August 13, 1991.*

(Also reported in 474 N.W.2d 761.)

255

257

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney

general, and *Gregory M. Posner-Weber,* assistant attorney general.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Frederic E. Hatch* of *Lakeside Law Office* of Sayner.

Before Cane, P.J., LaRocque and Myse, JJ.

CANE, P.J.   The state appeals an order dismissing the interference with fishing citations against the defendants in violation of sec. 29.223(2)(a)3, Stats. The trial court dismissed the citations upon concluding that this statute is unconstitutionally vague and overbroad. Because the statute is not vague or overbroad, we reverse the order of dismissal.

The defendants, James Bagley, Daniel Olejniczak and Tommy Thompson, each received a Department of Natural Resources (DNR) citation for violations of sec. 29.223(2)(a)3, Stats. The state alleges that on April 25, 1990, the defendants intentionally prevented Indian spearfishers from launching a boat on Catfish Lake by blocking the boat landing with their own boat. The state also alleges that the defendants knowingly failed to obey the orders of DNR wardens to desist from such conduct in violation of sec. 29.223(2)(b). By preventing the spearfishers from launching their boat, the defendants "impeded or obstructed" persons "engaged in an activity associated with lawful . . . fishing." Section 29.223(2)(a)3, Stats. By failing to obey the wardens' orders to desist, the defendants were subject to citation under sec. 29.223(2)(b).

The constitutionality of a statute is a question of law that we review de novo. *State v. Migliorino,* 150 Wis. 2d 513, 524, 442 N.W.2d 36, 41 (1989). Because a statute is presumed to be constitutional, the challenger must

prove that it is unconstitutional beyond a reasonable doubt. *Id.* at 524-25, 442 N.W.2d at 41. The constitutionality of sec. 29.223(2)(a)3, Stats., is challenged on two grounds. First, the defendants contend that the statute is unconstitutionally overbroad. Second, they contend that the statute is unconstitutionally vague.

## OVERBREADTH CHALLENGE

The defendants argue, and the trial court agreed, that sec. 29.223(2)(a)3, Stats., is overbroad because it restricts rights to free speech protected under the first amendment to the Constitution.[1] The defendants maintain that the statute, in addition to prohibiting physical interference with persons preparing to lawfully hunt or fish, also prohibits persons from exercising their first amendment right to verbally interfere with hunters and fishers. We disagree. Section 29.223 provides in pertinent part:

> Interference with hunting, fishing or trapping. (1) Definition. In this section, "activity associated with lawful hunting, fishing or trapping" means travel, camping or other acts that are preparatory to lawful hunting, fishing or trapping and that are done by a hunter, fisher or trapper or by a member of a hunting, fishing or trapping party.
> (2) Prohibitions. (a) No person may interfere or attempt to interfere with lawful hunting, fishing or trapping with the intent to prevent the taking of a wild animal by doing any of the following:
> . . ..

---

[1]The Wisconsin Constitution guarantees the same freedom of speech rights as the First Amendment to the United States Constitution. *Lawson v. Housing Authority,* 270 Wis. 269, 274, 70 N.W.2d 605, 608 (1955).

3. Impeding or obstructing a person who is engaged in an activity associated with lawful hunting, fishing or trapping.

(b) No person may knowingly fail to obey the order of a warden or other law enforcement officer to desist from conduct in violation of par. (a) if the order is based on any of the following:

1. The warden or other law enforcement officer personally observed such conduct by the person.

. . ..

(3m) Affirmative Defense. It is an affirmative defense to the prosecution for violation of this section if the defendant's conduct is protected by his or her right to freedom of speech under the constitution of this state or of the United States.

A statute is unconstitutionally overbroad if it "has the effect or the potential of chilling or inhibiting speech, which is protected by the first amendment . . .." *City of Milwaukee v. Wroten,* 160 Wis. 2d 207, 225, 466 N.W.2d 861, 868 (1991). However, it is not enough that a party challenging the statute is able to hypothesize a situation where the statute may reach protected expression. "The overbreadth of the statute must be real and substantial." *Id.* at 226, 466 N.W.2d at 868. Moreover, a court can by a process of judicial construction apply a statute, which appears to sweep too widely on its face, to non-speech related conduct. *Id.*

First, we look to the language of the statute to determine whether on its face it applies to conduct protected by the first amendment. The defendants argue that the words "interfere," "impede" and "obstruct" refer to verbal as well as physical conduct and thereby cause the constitutional demise of the statute. We disagree.

The trial court, in reaching its conclusion, relied on *Dorman v. Satti,* 678 F. Supp. 375 (D. Conn.), *aff'd,* 862 F.2d 432 (2d Cir. 1988). In *Dorman,* the court concluded that Connecticut's hunter harassment statute was unconstitutionally overbroad. Because Wisconsin's statute is substantially different from Connecticut's, reliance on *Dorman* is improper. The Connecticut statute provided:

> No person shall: (1) Interfere with the lawful taking of wildlife by another person, or acts in preparation for such taking, with intent to prevent such taking; or (2) harass another person who is engaged in the lawful taking of wildlife or acts in preparation for such taking.

Conn. Gen. Stat. sec. 53a–183a.

Significantly, the district court in *Dorman* stated: "[B]ecause the Act fails to define the nature of the interference it proscribes . . . it thus cannot be saved by a limiting construction . . .." *Dorman,* 678 F. Supp. at 381–82. Wisconsin's statute, however, does define the nature of interference it proscribes. Interference is defined as that which "impedes" or "obstructs" a hunter or fisher. Therefore, "impede" and "obstruct" as used in this statute are not synonymous with "interfere." In addition, because "impede" and "obstruct" are limitations on the word "interfere," the former two are the words we focus on to determine the breadth of the statute.

The following are partial definitions of "impede" and "obstruct" in *Webster's Third New International Dictionary* (Unabr. 1976):

> Impede . . . to interfere with or get in the way of the progress of <storms *impeded* the vessels>: hold up:

> BLOCK <the departure was *impeded* by heavy rain> <his progress was *impeded* by sickness and poverty> . . ..

*Id.* at 1132.

> Obstruct . . . to block up : stop up or close up : place an obstacle in or fill with obstacles or impediments to passing <traffic *-ing* the street> <veins *-ed* by clóts> 2: to be or come in the way of : hinder from passing, action, or operation : IMPEDE, RETARD . . ..

*Id.* at 1559. It is clear from these definitions and examples that the everyday usage of these words contemplates physical interference or obstruction, not verbal.

The defendants also argue that a finding of overbreadth in this case is compelled by the recent Wisconsin Supreme Court decision, *Wroten. Wroten,* however, does not govern the outcome in this case. The *Wroten* court examined the constitutionality of an ordinance that prohibited a person from resisting or in any way interfering with a police officer in the discharge of his duty, or from hindering or preventing an officer from discharging his duty. The court held the ordinance to be unconstitutional, stating: "[T]he 'any way' language . . . leads inexorably to the conclusion that the prohibited activity includes speech that 'interferes,' 'prevents,' or 'hinders,' as well as physical conduct that has the same effect." *Id.* at 231, 466 N.W.2d at 870.

In this case "interfere" is further defined by the words "obstruct" and "impede." These qualifying words signify types of physical disturbance. Our conclusion that the statute limits its application to physical interference is further supported by the inclusion of subsec. (3m) in the statute. This subsection provides an affirmative defense to a person who believes his rights to free

speech were abridged. The legislature clearly intended to exclude protected speech from the strictures of this statute. Therefore, unlike *Wroten,* this statute contains qualifications that exclude protected speech from its prohibitions.

■ The trial court also erred by concluding that the phrase "activity associated with lawful hunting and fishing" renders the statute constitutionally deficient. Operating under the belief that the statute encompassed protected speech, the trial court went on to determine whether the statute was a reasonable time, place or manner restriction. It concluded that the "activity associated" language made the statute impermissibly overbroad. However, it is only after the challenger has demonstrated that a constitutionally protected right is being encroached that the burden shifts to the proponent of the statute to justify whatever restrictions are imposed. *City of Madison v. Baumann,* 162 Wis. 2d 660, 672, 470 N.W.2d 296, 300 (1991). Because we agree with the state's argument that this statute proscribes only physical conduct intended to harass hunters or fishers, and not protected speech, we do not reach this issue.[2]

---

[2]We note that the defendants have not demonstrated that the type of conduct they are accused of is entitled to First Amendment protections. Although they baldly assert that some types of conduct are entitled to constitutional protection, "[i]t is . . . the initial duty of the person who claims the protection of the First Amendment to demonstrate that the conduct is speech or its equivalent." *Baumann,* 162 Wis. 2d at 669, 470 N.W.2d at 299. Aside from asserting that "[g]atherings during Indian spearing season, both on land and at public boat landings, have for the past seven years been an acknowledged means of protest," the defendants have done nothing to demonstrate that the particular type of conduct they are accused of, namely blocking the launching of

However, even if the statute did extend to verbal conduct, it would not be unconstitutional on that ground alone. Constitutional rights to free speech are not absolute. A variety of speech has been held to be unprotected speech.[3] Additionally, time, place and manner restrictions on protected speech pass constitutional muster if the restrictions are narrowly tailored to serve substantial government interests. *Id.* at 675–76, 470 N.W.2d at 301. However, we need not scrutinize these issues because this statute encompasses only unprotected physical conduct.

## VAGUENESS CHALLENGE

The defendants also challenge the statute as unconstitutionally vague. "A vague statute or ordinance is infirm because it does not give notice of what is prohibited by the legislation." *Id.* at 672, 470 N.W.2d at 300. Because the principal concern with a vague statute is notice, if the defendants' acts are within the hard core of prohibited conduct, they have no standing to challenge for vagueness. *Jones v. State,* 55 Wis. 2d 742, 747, 200 N.W.2d 587, 590 (1972). The trial court concluded that the defendants' conduct in this case did not fall within the hard core prohibitions of the statute. We disagree.

The trial court stated:

---

boats by refusing to move their own boat, is entitled to the protection of the First Amendment.

[3]For example, privileged speech does not include "fighting" words that "by their very utterance inflict injury or tend to incite an immediate breach of the peace." *Chaplinsky v. New Hampshire,* 315 U.S. 568, 572 (1942).

In this case it is the court's opinion that hard core conduct would consist of interference with actual fishing or hunting. Neither had taken place. The conduct of the actors here was on the fringe of prospective fishing or hunting, and I therefore find they have standing to assert constitutional vagueness.

■

Section 29.223(2)(a)3, Stats., as we have interpreted it, prohibits a person from physically interfering with a hunter or fisher preparing to hunt or fish. The statute can only be applied to those who do so with the intent of preventing the taking of wild game. Here it is alleged that the defendants blocked the boat landing with their boat intending to prevent the Indians from launching their boats in order to spearfish. Launching a boat to fish is certainly an act in preparation for fishing. Physically preventing someone from launching such a boat is clearly an obstruction to a person who wishes to fish. Thus, the defendants' conduct falls within the "hard core" prohibitions of the statute, and they cannot be heard to complain that the statute is unconstitutionally vague.

■

In any event, had the defendants been able to challenge the statute for vagueness, we would conclude that the statute is not vague. A vague statute "is one which operates to hinder free speech through the use of language which is so vague as to allow inclusion of protected speech in the prohibition or to leave the individual with no clear guidance as to the nature of the acts which are subject to punishment." *State v. Princess Cinema,* 96 Wis. 2d 646, 656, 292 N.W.2d 807, 813 (1980).

We have already determined that sec. 29.223, Stats., prohibits only physical interference, not verbal; therefore, it does not encompass protected speech. A person can only be prosecuted for a violation of this statute if he or she, intending to prevent the taking of wild game, physically obstructs or impedes a person lawfully preparing to take wild game. Any type of physical interference that obstructs or impedes is prohibited. The fact that the statute "fails to itemize with particularity every possible kind of conduct which would violate such statute does not make it constitutionally vague." *State v. Givens,* 28 Wis. 2d 109, 117, 135 N.W.2d 780, 784 (1965).

The trial court also concluded that the phrase "activity associated with" did not give the defendants adequate notice as to the types of preparatory acts with which they are precluded from physically interfering, and therefore the statute is vague. It has been stated that the "great and varied number of offenses that come within the category of disorderly conduct defy precise definition in a statute." *State v. Zwicker,* 41 Wis. 2d 497, 508, 164 N.W.2d 512, 517 (1969). Similarly, there are numerous acts that are preparatory to lawful hunting and fishing. These acts defy precise definition because the preparation for hunting and fishing can vary greatly depending on the type or manner of hunting or fishing involved. This fact does not render the statute unconstitutionally vague. Whether a hunter or fisher was engaged in an act in preparation for lawful hunting or fishing at the time the defendants engaged in the conduct complained about is a question of fact.

Because we conclude that sec. 29.223(2)(a)3, Stats., is neither unconstitutionally overbroad nor unconstitu-

tionally vague, we reverse the order of dismissal and remand the cause for further proceedings.

*By the Court.*—Order reversed and cause remanded.