STATE of Wisconsin, Plaintiff-Appellant,†

v.

Matthew C. JANSSEN, Defendant-Respondent.

Court of Appeals

*No. 97–1316–CR. Submitted on briefs September 2, 1997.—Decided September 30, 1997.*

(Also reported in 570 N.W.2d 746.)

†Petition to review granted.

471

■■■■■■■■■

■■■■■■■■■

■■■■■■■■■

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *James E. Doyle,* attorney general, and *Vincent R. Biskupic*, district attorney.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Eugene A. Bartman* and *Brian G. Figy*, of Appleton.

Before Cane, P.J., Myse, and Hoover, JJ.

MYSE, J.   The State appeals an order dismissing one count of flag desecration, *see* § 946.05(1), STATS.[1] The State contends that the trial court erroneously concluded the statute was unconstitutional because it was vague and overbroad. Because we conclude that the statute by its terms applies to acts of protected speech, the statute is unconstitutionally overbroad and we therefore affirm.

The facts giving rise to the flag desecration charge are substantially undisputed. Matthew Janssen and a group of his friends began stealing American flags from various locations in the City of Appleton. One of the flags stolen was from the flag pole located at the Reid Municipal Golf Course. The golf course flag was replaced, and again removed by Janssen and his

---

[1] Section 946.05(1), STATS., provides "Whoever intentionally and publicly mutilates, defiles, or casts contempt upon the flag is guilty of a Class E felony."

friends. Janssen then defecated on the flag, and placed it at the front entry of the clubhouse. The soiled flag was cleaned and once more displayed on the golf course flag pole. Again Janssen stole the flag, this time leaving behind a handwritten note. The note was inscribed with an encircled "A" in the upper-right-hand corner, and read as follows:

> Golf Course Rich Fucks:
>
> When are you dumb fucks going to learn? We stole you're [sic] first flag and burnt [sic] it, then we used your second flag for a shit-rag and left it on your doorstep with a peice [sic] of shit. The ANARCHIST PLATOON HAS INVADED Appleton and as long as you put flags up were [sic] going to burn them you yuppie fucks. Shove you're [sic] cluB [sic] up your ass.

Janssen was ultimately arrested and acknowledged his involvement in stealing the flags, defecating on the flag at the golf course, and leaving the note. Janssen was charged with two counts of theft and one count of flag desecration.

In the trial court, Janssen first challenged the constitutionality of the flag desecration statute as it applied to him, contending that his acts were protected symbolic speech. Janssen supported his position with evidence of his anti-government feelings, including lyrics he had written for a punk rock band; affidavits from family, friends, and a former school teacher; the letter left at the golf course; and comments made to the police after his arrest. The trial court rejected Janssen's as-applied challenge, finding that defecating on the flag and leaving it on the clubhouse steps did not indicate any expression against the government. The trial court made clear that whatever Janssen's intent

was, what he actually expressed was something other than his anti-government feelings. Applying the United States Supreme Court's analysis in *Texas v. Johnson*,[2] the trial court concluded that Janssen's conduct was not sufficiently expressive to constitute protected speech.

Janssen next brought a facial challenge to the constitutionality of the flag desecration statute, arguing that it was both vague and overbroad. The trial court agreed on both counts, finding that the statutory language was vague because it set standards too subjective to enforce, and overbroad because it would have a chilling effect on protected speech. The trial court therefore dismissed the count of flag desecration. The State appeals.

The constitutionality of a statute is a question of law that we review without deference to the trial court's determination. *State v. Migliorino*, 150 Wis. 2d 513, 524, 442 N.W.2d 36, 41 (1989). Although statutes are generally accorded a presumption of constitutionality, this presumption is inapplicable when the statute being challenged infringes upon First Amendment rights. *City of Madison v. Baumann*, 162 Wis. 2d 660, 669, 470 N.W.2d 296, 299 (1991). In such cases, the burden of proving the statute's constitutionality rests on the government. *Id.*

Before beginning our analysis of the constitutional challenge mounted against this statute, we pause to

---

[2] *Texas v. Johnson*, 491 U.S. 397 (1989). In *Johnson*, the Court held the First Amendment reaches conduct if it "possesses sufficient communicative elements . . ." including "[whether] 'the likelihood was great that the message would be understood by those who viewed it.' " *Id.* at 404 (quoting *Spence v. Washington*, 418 U.S. 405, 410–11 (1974)).

address and recognize the importance of our flag. What makes Janssen's conduct so abhorrent is that for most of us, our flag is more than a mere piece of cloth. For most of us, our flag deserves reverence and respect because it symbolizes our nation's commitment to upholding those freedoms enshrined by the Constitution. Throughout the course of American history, men and women have died to protect our flag and those freedoms that it symbolizes. It is therefore understandable to be outraged by the conduct of those, like Janssen, who pervert the meaning of our flag, and treat contemptuously this great symbol of our nation.

Nevertheless, we must be careful lest we abolish those rights this great symbol represents. We must be careful lest we make our flag less worthy of respect by emphasizing the symbol over the substance of this nation. While we honor and respect our flag, we must also act to protect those constitutional guarantees to which our nation is committed, and which our ancestors have fought and died to preserve.

Janssen asks us to affirm the dismissal of the flag desecration charge on any of three grounds. His first two arguments involve attacks on the constitutionality of the statute as it is written. Of these arguments, one claim is that the statute is written too vaguely, and the other is that it is written too broadly. Janssen's third argument is that the statute is unconstitutional as applied; in other words, the State cannot punish his conduct since it is expression protected by the First Amendment. We need not address his third argument since we affirm on other grounds.

We first address the challenge of vagueness. A challenge of vagueness asserts that a statute is infirm because it does not adequately give notice as to what conduct is prohibited. *Id.* at 672–73, 470 N.W.2d at

300–01. Since the principal concern with an allegedly vague statute is notice, the defendant will have no standing to raise a vagueness challenge if his actions clearly constitute the "hard core" of the prohibited conduct. *See State v. Bagley*, 164 Wis. 2d 255, 265–66, 474 N.W.2d 761, 765 (Ct. App. 1991). In other words, Janssen will lack standing to make this claim if his conduct is "so obviously within the zone of prohibited conduct that no reasonable man could have any doubts about its criminality." *Jones v. State*, 55 Wis. 2d 742, 746, 200 N.W.2d 587, 590 (1972).

We conclude that Janssen lacks standing to assert a vagueness challenge against this statute. While it is possible to hypothesize some acts that may be ambiguous as to their criminality under the language of this statute, Janssen's conduct clearly and unambiguously falls within the statutory prohibition against defiling the flag. "Defiling" has a specific and well-understood meaning: to make dirty, to befoul. WEBSTER'S THIRD NEW INT'L DICTIONARY 592 (1976). A reasonable person could not have any doubt that defecating on the flag is conduct falling within the language of this statute.

Even were we to decide that Janssen met the standing requirement, however, his vagueness claim would still fail. We have already concluded that "to defile" has a specific and well-understood meaning. So, too, does "to mutilate"—"to mutilate" is to cut up, or to alter so radically as to make imperfect. WEBSTER'S THIRD NEW INT'L DICTIONARY 1493 (1976). These specific, well-understood meanings give a reasonable person notice as to what conduct is prohibited under the statute. They do not, therefore, make the statute unconstitutionally vague.

The same, however, cannot be said for that part of the statute making it unlawful to cast contempt upon

the flag. This language is so vague as to set no standard by which an individual's conduct may be measured. *See Smith v. Goguen,* 415 U.S. 566 (1974) (holding similarly worded portion of Massachusetts flag statute void for vagueness). "[Casting] contempt upon the flag" is language too subjective to guide law officers' enforcement of the statute. Further, this language does not give reasonable notice to the citizenry as to what conduct is prohibited. We therefore conclude that this portion of the statute is unconstitutionally vague. As Janssen was not charged under this part of the statute, however, our conclusion is insufficient to support dismissal of the charge.

■ We now turn to Janssen's overbreadth claim. We address the overbreadth argument even though we have assumed for purposes of this decision that Janssen's conduct itself does not amount to protected speech. The overbreadth doctrine "recognizes the right of a person whose own speech or conduct is not protected by the first amendment to challenge a statute or ordinance which on its face sweeps too broadly and substantially reaches protected first amendment expression." *City of Milwaukee v. Wroten,* 160 Wis. 2d 207, 225, 466 N.W.2d 861, 868 (1991); *see also State v. Thiel,* 183 Wis. 2d 505, 520–21, 515 N.W.2d 847, 853 (1994). Courts have adopted these more lenient standing requirements because an overbroad statute " 'threatens others not before the court—those who desire to engage in legally protected expression but who may refrain from doing so rather than risk prosecution and undertake to have the law declared . . . invalid.' " *Wroten,* 160 Wis. 2d at 226, 466 N.W.2d at 868 (quoting *Brockett v. Spokane Arcades, Inc.,* 472 U.S. 491, 503 (1985)).

Since this court must apply the overbreadth doctrine only with hesitation and as a last resort, the overbreadth challenge must be both "real and substantial." *Thiel*, 183 Wis. 2d at 521, 515 N.W.2d at 853. The "real and substantial" component requires us to be confident in our prediction that the law will deter constitutionally protected speech. *See Broadrick v. Oklahoma*, 413 U.S. 601, 615 (1973). We therefore must address whether the Wisconsin flag desecration statute is overbroad by threatening protected expression, and if so, whether such overbreadth is "real and substantial" or simply conjectural.

We begin by noting the long-standing rule that the First and Fourteenth Amendments protect the right of symbolic as well as written and oral speech. *Texas v. Johnson*, 491 U.S. at 404. In addition, we note that the constitution protects speech no matter how offensive or unpalatable the message. *See id.* at 414 (citing cases)*; Terminiello v. Chicago*, 337 U.S. 1, 4 (1949) (A principal "function of free speech under our system of government is to invite dispute. It may indeed best serve its high purpose when it . . . stirs people to anger."). Indeed, permitting offensive and unpalatable speech serves an essential purpose in our democracy, for "the alternative would lead to standardization of ideas either by legislatures, courts, or dominant political or community groups." *Terminiello*, 337 U.S. at 4–5. There "is no room under our Constitution for a more restrictive view." *Id.* at 4.

The United States Supreme Court has clearly extended constitutional protection to people expressing themselves through conduct that involves the flag. In *United States v. Eichman*, 496 U.S. 310, 315 (1990), the Court stated the "Government conceded, *as it must,*

that appellees' flag burning constituted expressive conduct" (emphasis added). In *Johnson*, 491 U.S. at 406, the Court considered "prudent" the State's concession that flag burning was expressive conduct. In *Spence v. Washington*, 418 U.S. 405, 410 (1974), the Court agreed that taping a peace sign to the flag was protected expression, based on the nature of the activity, the factual context and environment under which it was undertaken, and the communicative connotations involved with the use of flags.

These cases demonstrate to us not only that the Wisconsin statute is overbroad, but also that it deters protected expression in a "real and substantial" way. The statute is overbroad because the expansive language prohibiting *any* intentional and public act of defiling, mutilation, or contemptuous treatment of the flag clearly encompasses acts that the United States Supreme Court has deemed to be protected expression. These cases also show us that the statute is overbroad in a "real and substantial" way because the expression prohibited is of a type in which people have engaged. This fact allows us to confidently predict that the statute is likely to have a chilling effect on protected expression.

The State next argues that we should preserve the statute through our powers to construe it in a constitutional way. Since declaring a statute unconstitutional for overbreadth is "strong medicine," we should adopt a limiting construction to preserve it when such a construction is reasonably available. *Thiel*, 183 Wis. 2d at 521, 515 N.W.2d at 853; *Wroten*, 160 Wis. 2d at 227, 466 N.W.2d at 868. This court is not a legislature, however, and we will only apply a limiting construction where either the legislative history or statutory lan-

guage supports one. *Wroten*, 160 Wis. 2d at 227, 466 N.W.2d at 868–69.

The State appears to ask us to preserve the constitutionality of the statute by limiting its reach to non-expressive conduct, which can be constitutionally prohibited. Although we appreciate the State's efforts to supply a limiting construction, we believe that adopting this suggestion would go beyond statutory interpretation and involve our entering the domain of the legislature. This we are unwilling to do. *See State v. Princess Cinema of Milwaukee, Inc.*, 96 Wis. 2d 646, 661, 292 N.W.2d 807, 815 (1980).

■

In our attempts to find a proper limiting construction, we are restricted to using the normal tools of statutory interpretation—the language of the statute itself and a review of its legislative history. *Wroten*, 160 Wis. 2d at 227, 466 N.W.2d at 868–69. Neither of these supports the State's suggestion. First, the statutory language certainly does not lend itself to such a narrow view as the State proposes. Its plain reading prohibits *all* intentional and public acts of defiling, mutilating, and casting contempt on the flag; it does not distinguish non-expressive conduct. This broad language is similar to the language struck down as unconstitutionally overbroad in *Wroten*. In that case, our supreme court refused to give a limiting construction to an ordinance prohibiting interfering with a police officer "in any way" because the language unambiguously dictated "a broad and expansive interpretation." *Id.* at 231, 466 N.W.2d at 870–71. We conclude that such broad statutory language as exists in the flag desecration statute likewise prevents us from construing "out of the [statute] the prohibitions that chill the first

amendment rights of free speech." *Id.* at 234, 466 N.W.2d at 871–72.

Our second reason for not adopting the State's construction is that there is no legislative history to support it. The flag desecration statute dates at least as far back as the beginning of this century, and there is no record of what conduct the legislature intended to cover beyond the broad prohibition of *any* intentional and public act of defiling, mutilating, or casting contempt on the flag. Lacking any guidance as to the legislature's purpose, we believe that to construe the statute as suggested by the State would be "judicial legislation of unparalleled audacity." *Id.* at 234, 466 N.W.2d at 871. We decline to rewrite the statute. *Id.* at 234–35, 466 N.W.2d at 871–72.

We therefore conclude that there is no construction of the statute this court could provide that would save it from constitutional infirmity. We leave the difficult task of writing a constitutionally permissible flag desecration statute to that branch of government where such power properly lies—the legislature.

Because we conclude that the flag desecration statute is unconstitutional, the trial judge's dismissal of count three is affirmed. Our decision today, of course, does not affect Janssen's convictions for the theft of the flags.

*By the Court.*—Order affirmed.