*123 ORDER (Election Challenge)
AMANDA L. ROCKMAN, Associate Judge.
INTRODUCTION
The Court must determine whether to grant the relief requested by the plaintiff regarding an election challenge to the April 24, 2007 General Primary Election. The Court hereby denies the request of the plaintiff. The analysis and holding of the Court follows below.
*124 PROCEDURAL HISTORY
The Court recounts the procedural history in significant detail in a previous judgment. Order (Preliminary Determinations), CV 07-27 (HCN Tr. Ct, May 14, 2007) at 1-2. For purposes of this decision, Presidential Candidate Wilfrid Cleveland filed a Motion to Intervene on May 17, 2007. The Court, through Chief Judge Todd R. Matha granted this request on May 21, 2007. On this same date, this case was subsequently reassigned to Associate Judge Amanda L. Roekman due to exigent circumstances. The following parties appeared at the May 21, 2007 Trial: Michael J. Sallaway, plaintiff, appeared pro se; Judith A. Whitehorse, Election Board Chairperson and designated representative; Attorney Michael P. Murphy, defendant’s counsel; and Wilfrid Cleveland, appeared pro se.
APPLICABLE LAW
CONSTITUTION OF THE HO-CHUNK NATION
Ait. VI—Executive
Sec. 3. Qualifications. The President shall be at least thirty-five (35) years old and eligible to vote. No person convicted of a felony shall serve as President unless pardoned. Art. VIII—Elections
Sec. 2. Special Elections. Special Elections shall be held when called for by the General Council, the Legislature, or by this Constitution or appropriate ordinances. In all Special Elections, notice shall be provided to the voters.
Sec. 7. Challenges of Election Results. Any member of the Ho-Chunk Nation may challenge the results of any election by filing suit in the Trial Court within ten (10) days after the Election Board certifies the election results. The Trial Court shall hear and decide a challenge to any election within twenty (20) days after the challenge is filed in the Trial Court.
ELECTION ORDINANCE, 2 HCC § 6
Subsec. 2. Purpose and Construction.
This Ordinance is enacted to provide basic rules and establish election procedures to ensure that all elections are conducted in a fair and proper manner. This Ordinance shall be inteipreted liberally in order accomplish this purpose. Substantial compliance shall satisfy this Ordinance. Technicalities shall not be used to interfere with, delay, or block elections or cause confusion or a loss of voter confidence in the election system.
Subsec. 6. Qualifications.
b. Qualifications of the President.
(1) All candidates for the position of President shall meet the qualifications listed in Article VI, Section 3 of the Constitution, which states:

Section 3. Qualifications. The President shall be at least thirty-five (35) years old, and eligible to vote. No person convicted of a felony shall serve as President unless pardoned.

(2) Pardon shall be made by the jurisdiction that issued the felony conviction. Subsec. 15. Challenges to Election Results.
a. The results of an election may be challenged in accordance with Article VIII, Section 7 of the Constitution, which states:

Section 7. Challenge of Election Results. Any member of the Ho-Chunk Nation may challenge the results of any election by filing suit in the Trial Court, within ten (10) days after the Election Board certifies the election results. The Trial Court shall hear and, decida a, challenge to any election mthin twenty (20) days after the challenge is fded in the Trial Court.

*125 b. The person challenging the election results shall prove by clear and convincing evidence that the Election Board violated this Election Ordinance or otherwise conducted an unfair election, and that the outcome of the election would have been different but for the violation. If the Court finds the challenge is frivolous and/or wholly without merit, the party challenging shall be assessed costs of the action in an amount to equal five hundred dollars ($500.00).
c. If the Trial Court invalidates the election results, a new election shall be held as soon as possible.
HO-CHUNK NATION RULES OF CIVIL PROCEDURE
Rule 24. Substituting, Intervening and Joining Parties.
If a party becomes incompetent or transfers his/her interest or separates from some official capacity, another party may be substituted as justice requires. A party with an interest in an action may intervene and be treated in all respects as a named party to the action. To the greatest extent possible, all persons with an interest will be joined in an action if relief cannot be accorded among the current parties without that person, or the absent person’s ability to protect their interests is impeded unless they are a party. Failure to join a party over whom the Court has no jurisdiction will not require dismissal of an action unless it would be impossible to reach a just result without the absent party. The Court will determine only the rights or liabilities of those who are a party to the action, or eligible for relief as part of a class certified under Rule 9. Rule 74. Application and Purpose; Sanctions; Definitions.
(A)Application. These Special Rules for Election Challenges shall apply to a proceeding where a party (or parties) seek(s) to challenge an election. Unless otherwise provided for in the Special Rules for Election Challenges, the Rules of Civil Procedure and the Rules of Appellate Procedure shall apply.
(B) Purpose. The Special Rules for Election Challenges conform to the special constitutional requirements and allow the Trial Judge to fairly hear and decide the case within the set time limits.
Rule 79. Discovery.
All documents and things, answers to interrogatories, and responses to requests for admission requested during discovery shall be provided to the requesting party within three (3) calendar days unless otherwise ordered by the Court. Depositions will be conducted as the parties agree oí-as ordered by the Court.
Rule 80. Appeals.
(A) Appeals. The final judgment of the Trial Court is appealable to the Supreme Court. The Appellant and/or Appellee may obtain a copy of the trial transcript at their owm expense.
1. The Notice of Appeal shall be filed and served within three (3) calendar days of entry of judgment.
2. The Notice of Appeal must state a basis for appeal based upon the laws and/or Constitution of the Ho-Chunk Nation.
3. A Certificate of Service and fifty dollar ($50.00 U.S.) filing fee must accompany the Notice of Appeal.
(C) Filing of Briefs. A Certificate of Service shall accompany all briefs.
1. Appellant’s Brief. The appellant’s brief shall be filed and served within five (5) calendar days of the Notice of Appeal.
2. Appellee’s Brief The appellee’s responding brief shall be filed within *126 five (5) calendar days of service of appellant’s brief.
3. Further briefs may be permitted at the discretion of the Chief Justice of the Supreme Court.
(E) Written decisions. The Supreme Court shall hear and issue a written decision on the appeal within thirty (30) calendar days of the Notice of Appeal. The thirty (30) day requirement does toll, if and when, a recusal occurs and an appointment of a Justice Pro Tempore is sought from the Legislature.
WISCONSIN STATUTES (1971-1972)
Sec. 939.22. Words and phrases defined.
(22) “Peace officer” means any person vested by law with a duty to maintain public order or to make arrests for crime, whether that duty extends to all crimes or is limited to specific crimes.
Sec. 939.60. Felony and misdemeanor defined. A crime punishable by imprisonment in the state prison is a felony. Every other crime is a misdemeanor.
Sec. 939.61. Penalty when none expressed. Common-law penalties are abolished. Whenever a person is convicted of a crime for which no penalty is expressed, he may be fined not more than $250 or imprisoned not more than one year in county jail.
Sec. 940.205 Battery to peace officers; firemen. Whoever causes bodily harm to a peace officer, as defined in s. 939.22(22), or fireman, acting in his official capacity and the person knows or has reason to know that the victim is a peace officer or fireman, by an act done with intent to cause bodily harm to the peace officer or fireman, without consent of the person so injured, may be imprisoned not more than 2 j ears.
Resisting or obstructing an officer (946.41) is not a lesser included crime of battery to a peace officer. State v. Zdiarstek, 53 Wis.2d 776, 193 N.W.2d 833.
WISCONSIN STATUTES (1973-1974)
Sec. 6.03. Disqualification of electors. (1) The following persons shall not be allowed to vote in any election and any attempt to vote shall be rejected.
(b) Any person convicted of treason, felony or bribery, unless his civil rights are restored.
Sec. 57.078. Civil rights restored to convicted persons satisfying sentence. Every person who is convicted of crime obtains a restoration of his civil rights by serving out his term of imprisonment or otherwise satisfying his sentence. The certificate of the department or other responsible supervising agency that a convicted person has served his sentence or otherwise satisfied the judgment against him is evidence of that fact and that he is restored to his civil rights. Persons who served out their terms of imprisonment or otherwise satisfied their sentences prior to August 14, 1947, are likewise restored to their civil rights from and after September 25,1959.
Restoration of civil rights is not a “pardon” for the purposes of liquor and cigarette license statutes. 60 Atty. Gen. 452.
Sec. 941.29. Possession of a firearm. (1) A person is subject to the requirements and penalties of this section if he or she has been:
(a) Convicted of a felony in this state.
FINDINGS OF FACT
1. The parties received proper notice of the May 11, 2007 Trial.
2. The Court reprints the Findings of Fact from previous decisions, as well as provides additional Findings of Fact below. Order (Preliminary Determinations), CV 07-27 (HCN Tr. Ct., May 14, 2007) at *127 5; Order (Notification of Interested Parties), CV 07-27 (HCN Tr. Ct., May 4, 2007) at 3.
3. The plaintiff, Michael J. Sail away, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A001978, and maintains an address of W5172 Bringe Road, Holmen, WI 54636.
4. The defendant, Ho-Chunk Nation Election Board (hereinafter Election Board), is a constitutionally established entity, and maintains an address of 4 East Main Street, Black River Falls, WI 54615. Constitution of the Ho-Chunk Nation (hereinafter Constitution), Art. VIII, § 4.
5. The interested party, Wilfrid Cleveland, is an enrolled member of the Ho-Chunk Nation, Tribal ID# 439A000351, and maintains an address at Elk Circle, Black River Falls, WI 54615.
6. On January 23, 1972, Jackson County Deputy Sheriff Alfred Young filed a Criminal Complaint in Jackson County Court against Wilfrid Cleveland. The complainant asserted in his Criminal Complaint that Mr. Cleveland did:
feloniously cause bodily harm to a police officer, to-wit: Alfred Young, Deputy Sheriff of Jackson County, Wisconsin, while acting in his official capacity, and said Wilfred [sic ] Cleveland did know or had reason to know that the victim was a police officer, and said act was done with the intent to cause bodily harm to the police officer without the consent of the person so injured, contrary to section 940.205 of the Wisconsin Statutes, and prays that the defendant be dealt with according to law: that the basis for the complainant’s charge of such offense is: the personal knowledge and observations of the complainant in that said Wilfred [sic ] Cleveland, while said complainant was trying to make a lawful arrest, did strike said officer in the nose, breaking his glasses and causing swelling about the nose and eye; that Alfred Young is a deputy sheriff for Jackson County, Wisconsin, and did not give his consent to Wilfred [.sic ] Cleveland to be so harmed.
Def.’s Ex. A. (emphasis added).
7. On February 7, 1972, Wilfrid Cleveland was found guilty of battery pursuant to Wisconsin Statutes § 940.205. State of Wisconsin v. Wilfrid Cleveland, Case No. 1798 (Jackson Co. Ct., Feb. 7,1972).
8. The penalty for a violation of Wisconsin Statutes § 940.205 is imprisonment for up to two (2) years. Wis. Stat. § 940.205 (1971-1972); see also Criminal Compl,
9. Mr. Cleveland was sentenced to six (6) months in Jackson County Jail, plus an additional thirty (30) days in county jail that could be served under the terms of the Huber law, and ordered to pay restitution directly to Deputy Young in the amount of $54.25 for the replacement of his glasses. State of Wisconsin v. Wilfrid Cleveland, Case No. 1798 (Jackson Co. Cir. Ct., Feb. 7, 1972).
10. On February 7, 1973, Mr. Cleveland received a Discharge from the State of Wisconsin, which restored his civil rights, pursuant to Wisconsin Statutes § 57.078.
11. On March 4, 2007, the Election Board confirmed Wilfrid Cleveland as a presidential candidate for the April 27, 2007 General Primary Election. (Election Board Agenda, Mar. 4, 2007) at 2.
12. On or about March 5, 2007, the Election Board posted the final list of candidates for the April 24, 2007 General Primary Election. See Election Ordinance, 2 HCC § 6.8h. The final list included the proviso, “[n]ominees were confirmed pend *128 ing criminal history checks.”[1] Final List, of Candidates (Mar. 5, 2007).
13. On April 24, 2007, the Election Board conducted the General Primary Election, which included an open seat for President of the Ho-Chunk Nation. Presidential Candidate Wilfrid Cleveland received 377 votes out of a total of 1,309 votes cast, amounting to 28.8006% of the tabulated votes. Presidential Candidate JoAnn Jones received 234 votes, amounting to 17.8762% of the tabulated votes. JoAnn Jones v. HCN Election Bd., CV 07-29 (HCN Tr. Ct., May 21, 2007) at 5.
14. On April 25, 2007, the Election Board certified the General Primary Election results, thereby placing the above two (2) candidates in the constitutionally required June 5, 2007 General Run-off Election.[2] Const., Art. VIII, § 1.
15. On May 4, 2007, the plaintiff filed a timely election challenge. Id., § 7. The plaintiff alleges impropriety in the certification of presidential candidates, and “request[s] that the April 24, 2007 Special Election results be expunged [sic], ” Compl, Attach. 1 at 2.
16. At Trial, Wilfrid Cleveland testified under oath he never knew his conviction constituted a felony until he received the plaintiff’s paperwork, Tr., (LPER, at 7, May 21, 2007, 09:43:36 CDT). Therefore, Mr. Cleveland has never sought to apply for a pardon.
17. Mr. Cleveland further testified “since that day, up until today, I have been able to vote” and “been able to go out hunting deer season with a rifle.” LPER, at 8, 09:48:39, 09:48:46 CDT.
18. Mr. Cleveland also testified that he was granted the ability to chaperone a convicted felon through the state Department of Probation and Parole. The grant of this privilege was predicated upon the successful completion of a background check. Id., 09:49:00 CDT.
19. The plaintiff stated on the record that Mr. Cleveland admitted to him in or around 1994 that he was in fact a felon. Id., at 12, 09:59:51 CDT.
20. Mr. Cleveland denied admitting that he was a felon, and presumed that it was related to another more recent charge, which was subsequently dismissed. Id., 09:43:20, 10:01.40 CDT.
DECISION
Subject to the Constitution and Election Ordinance, a tribal member is not qualified to run for President if he or she has been convicted of a felony for which he or she did not receive a pardon. Const., Art. VI, § 3; Election Ordinance, § 6.6b. Pursuant to the Election Ordinance, a challenger must prove by clear and convincing evidence that the Election Board violated the ORDINANCE or conducted an unfair election. Election Ordinance, § 6.15b. In addition, it must be proven that the election would have been different, but for the violation. Id.; see also Demetrio D. Abangan et al. v. HCN Election Bd., SU 02-02 (HCN S.Ct., Mar. 25, 2002) at 3 n. 1 (acknowledging the *129 statutory modification from “could” have been different to “would” be different). Under this two-part test, minor infractions can be dismissed if the election results would remain unchanged, however with major violations there is a greater chance of variance in the results. See generally Christine Funmaker-Romano and Gerald, Cleveland, Sr. v. HCN Election Bd. et al., SU 05-08 (HCN S.Ct., Aug. 3, 2005) at 6. The Supreme Court previously determined that the legislative intent for creating the second prong of this test was to ensure that the wishes of the voting populace are upheld to the extent that the Ordinance allows. Id. at 8. In close races where it cannot be proven that the outcome would change, it would undermine “the credibility of the Judiciary to have it decide who won an election and makes it seem merely an arm of the political branches by deciding close elections.” Id. Therefore, both prongs must be proven by clear and convincing evidence in order to successfully challenge an election.
With regard to whether Presidential Candidate Wilfrid Cleveland is a felon, it is the obligation of the plaintiff to prove such allegation by clear and convincing evidence. The clear and convincing standard of proof requires that the result shall not be reached by a mere balancing of doubts or probabilities, but rather by clear evidence which causes the Court to be unequivocally convinced that the allegations sought to be proved are true. The standard of proof is the level of proof required in a legal action to discharge the burden of proof, i.e., convince the Court that a given proposition is true. Three levels of proof exist: preponderance of the evidence, beyond a reasonable doubt, and clear and convincing evidence. Clear and convincing evidence is the intermediate level of burden of persuasion, falling somewhere between the traditional standards of “preponderance of the evidence” and “beyond a reasonable doubt.” Robert A. Mudd v. HCN Election Bd., CV 97-140 (HCN Tr. Ct., Oct. 27, 1997) at 10.
In order to prove something by “clear and convincing evidence,” the party with the burden of proof must convince the Court that it is substantially more likely than not that the thing is in fact true. As previously set forth in a former judgment, the plaintiff needed to be prepared to establish that the
Election Board’s alleged violation either a) resulted in the presence of a felon in the scheduled General Runoff Election or b) elevated at least one (1) of the two (2) remaining presidential candidates to the Runoff Election since specifically identified members who cast votes for a documented felon would have otherwise cast votes for a third candidate who would have surpassed the remaining candidate with the addition of such votes.
Order (Prelim. Determinations) (HCN Tr. Ct., May 14, 2007) at 6, fn. 4.
Based upon the evidence submitted, it is unclear whether Presidential Candidate Wilfrid Cleveland was indeed convicted of a felony. During a 1994 conversation, the plaintiff stated that Mr. Cleveland mentioned to the plaintiff that he was a felon.[3] LPER at 12, 09:59:51- *130 10:01:31 CDT. Upon remembering this conversation, the plaintiff began investigating Mr. Cleveland’s criminal background. Id. The information discovered prompted the plaintiff to file a Complaint in which he claimed the Election Board violated the Constitution and Election Ordinance by allowing a tribal member convicted of a felony to run for the Office of the President. Id.; Compl. In January 1972, Mr. Cleveland was arrested for violating Wis. Stat. § 940.205. This statute governs instances of battery upon peace officers or firemen in the state of Wisconsin. Specifically, the statute stated:
Whoever causes bodily harm to a peace officer, as defined in s. 939.22(22), or fireman, acting in his official capacity and the person knows or has reason to know that the victim is a peace officer or fireman, by an act done with intent to cause bodily harm to the peace officer or fireman, without consent of the person so injured, may be imprisoned not more than two years.
Wis. Stat. § 940.205 (1971-1972).
The plaintiff stated that this represented a felony. LPER at 5, 09:34:25 CDT. Further, he stated that if Mr. Cleveland committed battery upon a peace officer, then it is a per se felony, and any other reading would lead to an absurd result. PL ⅛ Resp. at 3; LPER, at 4, 09:31:57-09:32:16. The plaintiff requested the Court to look to State v. Caruso for guidance on this matter. State v. Caruso, 44 Wis.2d 696, 172 N.W.2d 195 (1969). Therefore, under the plaintiffs analysis, Mr. Cleveland would be barred from running for the Office of the President. The Constitution specifically states, “[n]o person convicted of a felony shall serve as President unless pardoned.” Const., Art. VI § 3. Further, the Election Ordinance states, “[a]ll candidates for the position of President shall meet the qualifications listed in Article VI, Section 3 of the Constitution, .... [pjardon shall be made by the jurisdiction that issued the felony conviction.” Election Ordinance, § 6.6.
At first glance, this ease appears to be black and white. Based upon basic legal principles of criminal law, felonies are typically serious crimes punishable by imprisonment for more than one year or by death. Black’s Law Dictionary 933 (7th ed.1999). Thus, all crimes that are less serious than felonies are misdemeanors that are “punishable by fine, penalty, forfeiture, or confinement (usu. for a brief term) in a place other than prison (such as county jail).” Id. at 1014. However, every state has its own criminal code, and thus the ability to define crimes and set punishments as it sees fit. Based upon the common view of felonies, § 940.205 as worded in 1972 would probably qualify as a felony since the maximum prison term could be more than one year.
In Wisconsin, the statutes in place at the time of the incident and conviction are ambiguous as to whether battery upon a police officer was then classified as a felony. The Wisconsin Legislature did not follow the common approach when it drafted its definition of felony. Instead, Wisconsin Statutes § 939.60 stated “[a] crime punishable by imprisonment in the state prison is a felony. Every other crime is a misdemeanor.” Wis. Stat. § 939.60 (1971— 72). Section 940.205 did not specify if the two year imprisonment was to be spent in prison or jail. Therefore, it is unclear whether the statute was meant to create a felony or a misdemeanor. Furthermore, the default provision when a penalty was not expressed stated that “[c]ommon-law penalties are abolished. Whenever a per *131 son is convicted of a crime for which no penalty is expressed, he may be fined not more than $250 or imprisoned more than one year in county jail.” Wis. Stat. § 939.61 (1971-72). Thus, when a penalty was not expressed, the default classification for a crime was a misdemeanor.
Mr. Cleveland alleges he was unaware the crime of which he was convicted constituted a felony because he retained his right to vote in tribal, state, and local elections. LPER at 8, 09:48:39 CDT. Under Wisconsin law, Mr. Cleveland’s ability to vote does not prove or disprove his status as a convicted felon. The revocation of the ability to vote, also known as disenfranchisement, is implemented for currently imprisoned felons in 46 states. In Wisconsin, felons who are restored to their civil rights by discharge under section 57.078 regain the right to vote in all elections, since state law governs disenfranchisement. Wis. Stats. §§ 6.03, 57.078 (1973-1974).
Mr. Cleveland additionally raised his ability to carry a rifle during deer hunting season as proof he was not previously convicted of a felony. LPER at 8, 09:48:39 CDT. This point appears to support Cleveland’s assertion he was never convicted of a felony under Wisconsin law. The Wisconsin Statutes simply did not address firearm possession in 1973.[4] The rules for possession of a firearm were implemented first in 1981, and codified under Wis. Stat. § 941.29. However, the section retroactively criminalizes the possession of a firearm by those convicted of a felony within the state. Wis. Stat. § 941.29(1)(a). State case law has clarified that the application of the statute to felons convicted before the statute’s enactment was not an unconstitutional ex post facto law, since the statute is regulatory, not punitive. State v. Kittleson, 213 Wis.2d 486, 570 N.W.2d 911 (Wis.App.1997). The restoration of civil rights provided under section 57.078 (or its modern counterpart, § 304.078) does not overcome the specific prohibition. State v. Thiel, 180 Wis.2d 472, 514 N.W.2d 56 (Wis.App.1993).
Under Wisconsin law, the characterization of a felony versus a misdemeanor is the location of the incarceration: “a crime punishable by imprisonment in the state prison is a felony: Every other crime is a misdemeanor.” Wis. Stat. § 939.60. The plaintiff argues that just because a statute does not reference a felony, it does not mean that it is not a per se felony. For example, first degree murder does not statutorily state that it is a felony. It is undoubtedly a felony. LPER, at 4, 09:32:12 CDT. Logically, first degree murder results in imprisonment in the state prison, not the county jail; therefore, murder is a felony.
Further, Mr. Cleveland stated, “according to the statutes, felony and misdemean- or defined a crime punishable by imprisonment in the state prison is a felony, every other crime is a misdemeanor. So according to this definition, I was never imprisoned at a state prison at any time.” LPER at 8, 09:45:50 CDT. Likewise, the defendant stated that it was unclear whether Mr. Cleveland was convicted of a felony. In particular, the defendant pointed to the fact that the crime was classified as “unspecified” in the United States’ Department of Justice’s database. Def.’s Ex. A; LPER at 4, 09:31:33 CDT.
The Judgment of Conviction Sentence Imposed & Stayed & Order of Probation indicates that Mr. Cleveland pled guilty on February 7, 1972 “to the crime of Battery in violation of § 940.205.... ” Def. ’.⅝ Ex. A. *132 In 1972, the year of Mr. Cleveland’s conviction and sentencing, section 940.205 did not characterize. the crime or specify the location of the imprisonment. Wis. Stat. § 940.205. The judgment further states that “the defendant is hereby sentenced to Jackson County Jail for [the] term of six (6) months, plus an additional Thirty (30) Days in the County Jail which may be served under the terms of the Huber Law.” Def.’s Ex. A; LPER, at 11, 09:57:59 CDT. In 1972, if no penalty is expressed, the maximum sentence is a fine of $250 or not more than one year in county jail. Wis. Stats. § 939.61. This clarification would result in Mr. Cleveland’s unspecified conviction in 1972 constituting a misdemeanor, not a felony. Within the Criminal Complaint, the complainant police officer states that
feloniously cause bodily harm to a police officer, to-wit: Alfred Young, Deputy Sheriff of Jackson County, Wisconsin, while acting in his official capacity, and said Wilfred [sic ] Cleveland did know or had reason to know that the victim was a police officer, and said act was done with the intent to cause bodily harm to the police officer without the consent of the person so injured, contrary to section 940.205 of the Wisconsin Statutes, and prays that the defendant be dealt with according to law: that the basis for the complainant’s charge of such offense is: the personal knowledge and observations of the complainant in that said Wilfred [sic ] Cleveland, while said complainant was trying to make a lawful arrest, did strike said officer in the nose, breaking his glasses and causing swelling about the nose and eye; that Alfred Young is a deputy sheriff for Jackson County, Wisconsin, and did not give his consent to Wilfred [sic ] Cleveland to be so harmed.
Although the word “feloniously” was employed, this language is not indicative of the Court’s opinion, as the Criminal Complaint is not a final judgment of the Court.
The plaintiff additionally cites to the Caruso case as proof that battery of a peace officer constitutes a felony, not a misdemeanor under Wisconsin law. State v. Caruso, 44 Wis.2d 696, 172 N.W.2d 195 (1969). The Court finds, however, that Caruso may be distinguished from the present case. While Mr. Caruso was charged and convicted under the same provision, Mr. Caruso was specifically sentenced to eighteen (18) months in prison, not the county jail. Since Mr. Caruso was specifically sentenced to state prison, his conviction constitutes a felony under section 939.60, and does not invoke the clarification principles of section 939.61. Further, the plaintiff urges the Court to adopt the Caruso case, and review the legislative intent of the statute. However, the Court refrains from interpreting the legislative intent, when relevant statutes are in existence.
The Court is not unequivocally convinced that the allegations sought to be proved, i.e., that Mr. Cleveland is a felon, are true. The plaintiff needed to present clear and convincing evidence that Mr. Cleveland was a felon. This cannot be accomplished by the Jackson County Court file submitted into evidence. It was the burden of the plaintiff to bring in expert witnesses, individuals who were apart of the underlying crime, to question Mr. Cleveland, etc. For example, the plaintiff could have subpoenaed, to the extent that they were available, then Jackson County Assistant District Attorney, now Jackson County Circuit Court Judge Gerald W. Laabs or the battered police officer, Alfred Young, in order to discuss the underlying charges, timeframe, location, and so on and so forth.
*133 The Court, the Nation’s Election Board and its counsel do not have an interest in corrupting, perverting or debasing the Constitution by altering or modifying the language within the Constitution. The Election Board has an interest in securing and elevating ethical individuals who have not committed felonies into the Office of the President. The Court is cognizant that under today’s standards, it is a felony to batter a law enforcement officer or fireman.[5] However, this is not unequivocal evidence that such a crime was a felony then, as laws do evolve through time.
BASED UPON THE FOREGOING, the Court finds that the plaintiff has failed to prove the first prong of the two-part test established for deciding election challenges. Election Ordinance, § 6.15b. Namely, the plaintiff did not unequivocally convince the Court that the defendant violated a section of the Election Ordinance, under the clear and convincing standard. The parties retain the right to appeal this final judgment pursuant to the Special Rules for Election Challenges. HCN R. Civ. P. 80.

. The plaintiff alleges the performance of an insufficient criminal background check that allowed the presence of a convicted felon in the election process, but the Court also notes the obvious problem with posting a final list of candidates, which, on its face, lacks finality. The Election Board should seemingly allocate a greater amount of time between the deadline for the Official Declaration of Candidacy Forms and the approval of the final list. Election Ordinance. § 6.8g-h.

. The official certification of election results does not reflect the date of certification as required by prior decision of the Court. Stewart J. Miller v. HCN Election Bd., CV 01-57 (HCN Tr. Ct., May 24, 2001).

. Mr. Cleveland testified that he never was under the impression he was a felon. Tr. (LPER, at 12, 10:01:40-10:02:56 CDT). He states that he has been able to vote, hunt during deer season with a rifle, and after having a background check done by the Wis-eonsin Department of Probation and Parole was able to chaperon a relative that was a felon. Id. at 8, 09:45:50-09:49:29. Furthermore, he states he never served time in a prison, but rather Jackson County Jail. Therefore, Mr. Cleveland states he does not know *130 what Mr. Sallaway is speaking of because he could not have disclosed such information because he never believed himself to be a felon. Id. at 12, 10:01:40-10:02:56.

. The statutes address a prohibition on the possession and use of machine guns. Wis. Stat. § 164 (1973-1974). However, that is not applicable in this case.

. Today, the relevant statute reads as follows: "[wjhoever intentionally causes bodily harm to a law enforcement officer or fire fighter, as those terms are defined in s. 102.475(8)(b) and (c), acting in an official capacity and the person knows or has reason to know that the victim is a law enforcement officer or fire fighter, by an act done without the consent of the person so injured, is guilty of a Class H felony.” Wis. Stat. § 940.20(2) (2006).